## 32884. KITT et al. v. SHIELD INSURANCE COMPANY.

JORDAN, Justice.

This court granted certiorari to review the decision of the Court of Appeals in *Shield Ins. Co. v. Kitt,* 143 Ga.

App. 48 (237 SE2d 515) (1977).

Shield appealed to the Court of Appeals from a declaratory judgment holding that the notice requirement of two policies of insurance issued to Nathaniel Kitt had been met by Kitt informing Shield's agent of the death of the Kitts' daughter who had been struck by the automobile of an uninsured motorist. The Court of Appeals reversed this judgment, holding that the notice provision of the policies required not simply that the insured place the insurer on notice that an accident had occurred, but also "that the insurer could expect a claim to be forthcoming either from or against the insured."

The trial judge found from the evidence that Kitt, within the period of 60 days specified by the policies, and while in the agent's office paying the premiums on the policies, told the agent the name of the person who ran over his daughter and the fact that this person had no insurance. At that time neither Kitt nor the agent was aware that the policies covered uninsured motorists under the circumstances involved in the death of the child.

The Court of Appeals held that an insurance company is charged with knowledge of all pertinent facts which have come to the knowledge of its duly authorized agents, and that this is implied actual notice; that the rule does not include implied constructive notice, that is, implied knowledge of facts which the agent might have acquired in the exercise of ordinary care, but did not in fact possess because he did not use ordinary diligence.

The rule as to implied constructive notice stated by the Court of Appeals does not apply to information contained in the policy of the insurer. Whether or not an agent may be aware at any particular time of a provision in a policy he had issued, he has "actual notice" of that provision, which is imputable to the insurer. *Interstate Life &c. Co. v. Wilson,* 52 Ga. App. 171 (183 SE 672) (1935). When Kitt informed Shield's agent of the death of his daughter caused by an uninsured motorist, the agent had "actual notice" that this occurrence was covered by the policies issued to Kitt.

"The purpose of notice is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, prepare for a defense, if necessary, or be advised whether it is prudent to settle any claim arising therefrom." *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695, 698 (112 SE2d 194) (1959).

The provision concerning notice of accident in the policies of Kitt does not require that the insured inform the insurer that a claim against it will be made because of the accident, and the Court of Appeals erred in holding that the notice was deficient.

*Judgment reversed. All the Justices concur, except Marshall, J., who is disqualified.*

ARGUED NOVEMBER 14, 1977 — DECIDED JANUARY 18, 1978—
REHEARING DENIED FEBRUARY 1, 1978.

*Surrett, Thompson, Bell, Choate & Walker, John C. Bell, Jr.,* for appellants.

*Spivey & Carlton, J. Franklin Edenfield,* for appellee.