## 66342. FLAMM v. DOE.

McMurray, Presiding Judge.

This is an insurance case involving uninsured motorist coverage. Plaintiff's complaint alleges that he was injured in a collision caused by the negligence of the John Doe defendant who fled from the scene of the collision. At the time of the collision, plaintiff was operating an automobile owned and insured by his employer. The insurer of the automobile operated by plaintiff, defendant Atlantic Mutual Insurance Company (Atlantic Mutual), filed an answer in its own behalf which denied the allegations of plaintiff's complaint and raised several defenses.

Defendant Atlantic Mutual filed its motion for summary judgment which was supported and opposed by affidavits. This motion for summary judgment was granted, and plaintiff appeals. *Held:*

The uncontroverted evidence shows that the collision in question occurred on September 13, 1978. The plaintiff's evidence is that defendant Atlantic Mutual was notified of the collision "by telephone on December 4, 1978, at the very latest." Defendant Atlantic Mutual's evidence is that it "did not receive any notice as to a claim by [plaintiff] involving an unknown or uninsured motorist prior to July 16, 1980."

Thus, under the evidence presented by either party it is clear that plaintiff has failed to comply with a provision of the uninsured motorist endorsement which required that the insured file with defendant Atlantic Mutual, within 30 days after the collision, a statement under oath that the insured has a cause of action against a person whose identity is unascertainable, setting forth facts in support thereof.

Although acknowledging our decisions in *Moss v. Cincinnati Ins. Co.,* 154 Ga. App. 165 (268 SE2d 676), and *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (187 SE2d 312), in which this court upheld the validity of similar policy provisions requiring notice under oath of claims against a motorist whose identity was unascertainable, plaintiff urges that we overrule those decisions on public policy grounds. Plaintiff contends that our legislature has expressed a public policy that at least $10,000 of insurance coverage be available to members of the public who may be injured by a tortfeasor in an automobile collision. See OCGA § 33-7-11 (formerly Code Ann. § 56-407.1 (Ga. L. 1963, p. 588; 1964, p. 306; 1967, pp. 463, 464; 1968, pp. 1089, 1091; 1968, pp. 1415, 1416; 1971, pp. 926, 927; 1972, pp. 882, 883; 1973, p. 487; 1975, p. 1221; 1976, pp. 1195, 1196; 1978, pp. 1895, 1896)). Plaintiff argues that it is contrary to our public policy to allow insurance companies to

void uninsured motorist coverage due to failure to comply with such notice provisions of the policy. We note from plaintiff's evidence that he was not furnished by either his employer or defendant Atlantic Mutual with a copy of the policy in question. Nor was plaintiff informed of any specific action other than notification of his employer he needed to take in order to obtain the benefits of the insurance policy on the automobile he was operating.

Plaintiff relies heavily upon *Young v. Allstate Ins. Co.,* 248 Ga. 350 (282 SE2d 115), which involves preserving a scheme of protection of injured third parties which might be thwarted, by defenses available vis-a-vis the insurer and insured, absent a public policy bar against a defense of lack of notice. In contrast, the case sub judice involves no third party, it is the insured who fails to give proper notice who suffers the consequences. The insured seeking to avail himself of the coverage afforded by the policy is under a duty to acquaint himself with his responsibilities thereunder.

Additionally, *Young v. Allstate Ins. Co.,* 248 Ga. 350, supra, is an application of the general rule that lack of notice to the insurer provides no defense where the insurance is compulsory. The case sub judice does not involve compulsory insurance coverage. Uninsured motorist coverage may be rejected. See OCGA § 33-7-11 (a) (3) (formerly Code Ann. § 56-407.1 (a) (3), supra).

Although we find a general preference in our public policy that motorists, such as plaintiff, be protected by insurance coverage, we also perceive under these circumstances a compelling need on the part of the insurer to receive timely notice of the events giving rise to a claim. In the case sub judice, the insurer is in substance thrust into the position of the unidentified tortfeasor. It becomes incumbent upon the insurer to investigate the circumstances giving rise to the claim, which it may not be able to accomplish in the absence of timely notice. The 30 days afforded plaintiff to give notice to defendant Atlantic Mutual is a reasonable balancing of conflicting policy considerations.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 15, 1983 —
REHEARING DENIED JULY 27, 1983 — 

*Gary M. Cooper, William Q. Bird,* for appellant.
*Edgar A. Neely, Jr., Robert L. Bunnen, Jr.,* for appellee.