### 68298. CLARK v. STATE FARM MUTUAL INSURANCE COMPANY et al.

BANKE, Presiding Judge.

This is a suit by the appellant to recover for injuries allegedly sustained in a motor vehicle collision. Evidently because the damage initially appeared minor to her, she indicated to the investigating officer that she did not intend to pursue any claim against the other driver. The officer accordingly did not make a report of the accident, and for this reason, the name and whereabouts of the other driver are unknown. Thereafter, the appellant filed a John Doe action against the unknown motorist, pursuant to OCGA § 33-7-11 (d), and caused a copy to be served upon her motor vehicle insurance carrier. The trial court granted summary judgment to the insurer based upon the appellant's failure to comply with the notice requirement of her insurance policy, and the appellant filed this appeal.

Under the uninsured motorist provisions of the policy, the insurer is obligated to pay for damage caused by a motor vehicle owner or operator whose identity cannot be ascertained. In order to recover under this provision, however, the policy requires that the "insured . . . shall have filed with the company within 30 days [after the collision] a statement under oath that the insured or his legal representative has a cause of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof . . ." The appellant contends that the appellee waived compliance with this sworn notice requirement by failing to respond to a letter written by her attorney six days after the accident, providing the date of the accident, several possible

tag numbers of the offending vehicle, and the name and phone number of the officer who investigated the accident. The letter concluded with the statement that PIP documentation would be forwarded to the insurer upon receipt. It is stipulated by the parties that the letter was received by the appellee. *Held*:

Provisions of an insurance policy which are included for the insurer's benefit may be waived either expressly or impliedly by the company. *Barnum v. Sentry Ins.*, 160 Ga. App. 213 (286 SE2d 445) (1981); *Rogers v. American Nat. Ins. Co.*, 145 Ga. 570 (1) (89 SE 700) (1916). Whether the insurer has waived strict compliance with a notice provision is normally a question for a jury to determine. Accord *Employees Assurance Society v. Bush*, 105 Ga. App. 190 (123 SE2d 908) (1962). Consequently, we hold that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Benham, J., concurs. Pope, J., concurs specially.*

DECIDED JUNE 26, 1984 —
REHEARING DENIED JULY 13, 1984 — 

*Robert S. Windholz, Jordan Lubin*, for appellant.
*John F. Daugherty, Neal C. Scott*, for appellees.

POPE, Judge, concurring specially.
As noted by the majority opinion, the record on appeal contains a letter from appellant's counsel to appellee insurance company dated March 23, 1982, six days after the subject collision. The trial court's order granting summary judgment recites that "there appears to be no copy of the letter in the record. Therefore the court rules that this does not suffice as notice under the contract." Yet, the letter notified appellee of counsel's representation of appellant in all claims under the policy. The letter also set forth the available details of the collision (its cause, the name of the investigating officer, the possible tag number of the vehicle which allegedly caused the collision, etc.) and informed appellee that PIP documentation would be submitted to it upon receipt by appellant. This case is thus distinguishable from *Corbin v. Gulf Ins. Co.*, 125 Ga. App. 281 (187 SE2d 312) (1972), and its progeny, wherein *no* written notice was timely given.

The record contains no response to appellant's letter, although appellee has stipulated that it received the letter. The record does show that appellee twice contacted appellant by telephone subsequent to its receipt of the letter, but the substance of those conversations does not appear of record. On October 20, 1982, in its answer to appellant's John Doe complaint, appellee raised as one of its defenses

appellant's alleged failure to comply with the 30-day notice requirement. This answer is the first indication in the record that appellee did not consider appellant's letter to be in compliance with the policy's notice requirement.

In general, the reception and retention by the insurer, without objection, of inadequate notice or proof of loss is a waiver of the right to set up as a defense that the insured failed in any particular to comply with the requirements of the policy. See, e.g., *Alston v. Phenix Ins. Co.*, 100 Ga. 287 (2) (27 SE 981) (1897); *Aetna Ins. Co. of Hartford v. Mosely*, 47 Ga. App. 25, 30-6 (169 SE 695) (1933); *Fireman's Fund Ins. Co. v. Hardin*, 40 Ga. App. 275 (149 SE 318) (1929); *Great American &c. Assn. v. Jenkins*, 11 Ga. App. 784 (2) (76 SE 159) (1912). See also *Allstate Ins. Co. v. McGee*, 157 Ga. App. 53 (4) (276 SE2d 108) (1981); *New York Underwriters Ins. Co. v. Noles*, 101 Ga. App. 922 (115 SE2d 474) (1960). See generally *Sentinel Fire Ins. Co. v. McRoberts*, 50 Ga. App. 732, 737-42 (179 SE 256) (1934). Compare *Bituminous Cas. Corp. v. J. B. Forrest & Sons*, 132 Ga. App. 714 (1) (209 SE2d 6) (1974) (notice untimely); *Newark Fire Ins. Co. v. Reese*, 32 Ga. App. 42 (1) (123 SE 41) (1924) (proof of loss neither sworn to nor signed by anyone). A question of waiver is ordinarily a matter for determination by a jury (see *Employees Assurance Society v. Bush*, 105 Ga. App. 190, 195 (123 SE2d 908) (1962)), and under the circumstances in this case, I agree with the majority that a question of fact exists for jury resolution on that issue.