71144, 71152. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY et al. v. WHEELER et al.; and vice versa.
(341 SE2d 898)

BENHAM, Judge.

"Jack and Nellie Ruth Wheeler, residents of Tennessee, sued David A. Roden, also a Tennessee resident, and three others who are Georgia residents, in the Superior Court of Walker County, Georgia, for the wrongful death of their daughter who was killed in an automobile collision in Georgia. The decedent was a passenger in a car driven by Roden; the other defendants drove, or were passengers in, two other vehicles involved in the collision. Roden was uninsured, and pursuant to OCGA § 33-7-11 a copy of the complaint was served on Tennessee Farmers Mutual Insurance Company, insurance company of the Wheelers and their deceased daughter. Tennessee Farmers Mu-

tual filed an answer in its own name, asserting defenses available to Roden and also raising defenses as to its liability to the Wheelers under the several policies." *Tenn. Farmers Mut. Ins. Co. v. Wheeler*, 170 Ga. App. 380 (317 SE2d 269) (1984).

Back in the trial court after the appeal cited above, Tennessee Farmers Mutual moved for summary judgment, seeking a ruling that the Wheelers had failed to comply with the notice provisions of the policies involved and that Tennessee law prohibited the stacking of uninsured motorist coverage. The Wheelers filed a cross motion for summary judgment on the same issues. Both sides now appeal from the judgment entered on those motions. In Case No. 71144, Tennessee Farmers Mutual appeals from the trial court's ruling that the Wheelers had given adequate notice. In Case No. 71152, the Wheelers appeal from the trial court's holding that stacking of uninsured motorist coverage is not permissible under Tennessee law and that Tennessee law controls this case.

1. " 'The leading Georgia case explanatory of the law of lex loci contractus is *Trustees of Williams Hosp. v. Nisbet*, 189 Ga. 807 (7 SE2d 737) where our court said (p. 811): "Where a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws. [Cits.]" ' " *Terry v. Mays*, 161 Ga. App. 328, 329 (291 SE2d 44) (1982). The Wheelers live in Tennessee; Tennessee Farmers Mutual does not do business in Georgia; the policies were issued and delivered in Tennessee; and there is nothing in the policies to indicate that they were intended to be construed as Georgia contracts.

Under those circumstances, the trial court's decision to apply Tennessee law to this case was clearly correct. See also *Howard v. Doe*, 174 Ga. App. 415 (330 SE2d 370) (1985). Contrary to the Wheelers' argument, the fact that coverage under the policies was valid no matter where in the United States the car was driven does not compel a different conclusion. The policies are still Tennessee contracts and are to be governed by Tennessee law. The Wheelers' reliance on *Allstate Ins. Co. v. Hague*, 449 U. S. 302 (101 SC 633, 66 LE2d 521) (1981), is misplaced. The U. S. Supreme Court ruled in that case that the application of Minnesota law to a lawsuit brought in Minnesota by a Minnesota resident, based on an insurance policy issued in Wisconsin to a Wisconsin resident who was killed in Wisconsin, did not violate any constitutional rights of Allstate. In that case, two of the factors used in deciding to apply the forum state's law were that the plaintiff was a Minnesota resident (she moved to Minnesota after the accident but before bringing suit) and that the defendant was present and doing business in Minnesota. Neither of those factors is present

in this case.

2. Tennessee Farmers Mutual's primary defense here is that it did not receive notice of the insured event in accordance with the provisions of the policy. The undisputed facts with regard to notice are that the Tennessee Farmers Mutual agent who sold the policies and to whom the Wheelers had always given notice of accidents on which claims were made was told of the collision within days of its occurrence and subsequently brought to the Wheelers' home the documents for making a claim under a life insurance policy on their daughter's life. It is clear, therefore, that so far as the timing of notice is concerned, the notice here was within the policy requirements of giving notice "as soon as practicable." *Reliance Ins. Co. v. Athena Cablevision Corp.*, 560 SW2d 617 (Tenn. S.Ct. 1977).

Still, Tennessee Farmers Mutual insists, the notice was insufficient in that it did not include all the facts required by the policy. By affidavit, Mr. Wheeler has sworn that he told Tennessee Farmers Mutual's agent everything he knew about his daughter's fatal accident. That statement is not refuted by Tennessee Farmers Mutual.

The purpose of giving notice is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it. *Alsup v. Travelers Ins. Co.*, 196 Tenn. 346 (268 SE2d 90) (1954). Since Mr. Wheeler told Tennessee Farmers Mutual's agent all he knew, and since that information was enough to put the agent on notice of the potential for a claim against Tennessee Farmers Mutual (the agent advised Mr. Wheeler that he might have an uninsured motorist coverage claim), the notice was clearly sufficient. An insurer with actual notice cannot complain of lack of notice. *Commercial &c. Ins. Co. v. Gordon's Transports*, 154 F2d 390 (6th Cir. 1946).

Tennessee Farmers Mutual's contention that the notice was insufficient because it was not in writing as the policy requires is well answered in *Pennsylvania Ins. Co. v. Horner*, 198 Tenn. 445 (281. SW2d 44) (1955), citing *Johnson v. Scottish Union*, 160 Tenn. 152 (22 SW2d 362): "[I]f the insured attempts to comply with the requirements of a policy as to notice and proof of loss, the receipt and retention of such a notice, or proof of loss, by the insurer without objection constitutes a waiver of its right to object thereto as not satisfying the requirements of the policy. Good faith on the part of the insurer requires that it point out the details in which a notice, or proof of loss is insufficient under the contract and give the insured an opportunity to correct these defects. Good faith does not permit an insurer to be silent and evasive under such circumstances. [Cits.]"

Tennessee Farmers Mutual argues, finally, that the Wheelers should be estopped from asserting a claim because Mr. Wheeler told three agents of the insurer that he did not wish to make a claim. Mr.

Wheeler denies making such a statement to anyone. But even if he had, we do not believe he would be estopped from making a claim during the period allowed by the policy for doing so. We have found no Tennessee law on this issue, but our Supreme Court has made the matter clear. In *Kitt v. Shield Ins. Co.*, 240 Ga. 619, 621 (241 SE2d 824) (1978), after explaining the purpose of giving notice in terms compatible with the holding in *Alsup*, supra, the court held that the requirement for giving notice of an accident does not require that the insured give notice that a claim will be made against the insurer. We find that holding applicable to this case and find no error in the trial court's grant of summary judgment to the Wheelers on the issue of notice.

3. Tennessee law on the issue of stacking uninsured motorist coverage is clear; if the policy forbids it, as do the policies involved in this action, it cannot be done. *Keeble v. Allstate Ins. Co.*, 342 FSupp. 963 (E.D. Tenn. 1971). There was no error in the grant of summary judgment to Tennessee Farmers Mutual on this issue.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 18, 1986 —
REHEARING DENIED FEBRUARY 28, 1986 — ▮▮▮▮▮▮▮

*Michael C. Cherof, Douglas M. Campbell,* for appellants.
*Frank M. Gleason, John W. Davis, Jr.,* for Wheelers.
*David P. Daniel,* for Snider.
*Fred H. Moore,* for Roden.
*Gregory Melton,* for Carlton.
*James T. Fordham,* for Wellborn.