## 73287. ADAMS v. DOE.
### (355 SE2d 471)

McMurray, Presiding Judge.

This action arose from a claim for damages under the Georgia uninsured motorist statute, OCGA § 33-7-11. Louie Ray Adams (plaintiff) contends that he was struck between 12:00 and 1:00 a.m. on June 2, 1985, by an unidentified driver who did not stop, as he was attempting to enter a vehicle which was parked on the side of the road. As a result of injuries he allegedly sustained, plaintiff remained in the hospital until June 30, 1985. Plaintiff's insurance carrier, Atlanta Casualty Company (Atlanta Casualty), was notified of plaintiff's claim for uninsured motorist benefits on October 30, 1985. Atlanta Casualty moved for summary judgment arguing that plaintiff failed to give timely notice of his claim as is required by the insurance contract. The trial court agreed and granted Atlanta Casualty's motion. Plaintiff now appeals. *Held*:

Under the general notice provision of the insurance policy, plaintiff is required to notify Atlanta Casualty of a claim "as soon as practicable" after the accident. This requirement includes uninsured motorist coverage, with the exception of claims arising from "hit and run" vehicles. In this regard, the insurance policy provides as follows: "The term 'hit-and-run automobile' means an automobile which causes bodily injury to an insured or property damage arising out of physical contact of such automobile (1) with the insured or (2) with an insured automobile, provided: (i) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile'; (ii) the insured or someone on his behalf *shall have reported the accident within 10 days or as soon as practicable to the Georgia Director of Public Safety, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof* . . ." (Emphasis supplied.)

Atlanta Casualty contends that the notice provision contained in the "hit and run" section of the insurance policy placed a duty upon plaintiff to notify it within 30 days after the "hit and run" collision, thereby precluding plaintiff's claim under the rationale of *Flamm v. Doe,* 167 Ga. App. 587 (307 SE2d 105). On the other hand, plaintiff contends that the notice provisions of the insurance policy are conflicting and should be construed as requiring him to notify Atlanta Casualty "as soon as practicable" after a "hit and run" collision.

We find no ambiguity in the foregoing notice provisions of the policy. Clearly, if the claim involves a hit and run automobile (as defined by the policy), the general notice provision of the policy is sup-

planted by the special notice provision provided for such a claim. Therefore, we believe the 30-day notice provision, not the "as soon as practicable" provision, is applicable to the case sub judice.

Turning to the facts, it appears from the record that the Georgia State Patrol was notified of the accident on the date it occurred; however, the insurer was not notified until nearly five months later. Plaintiff having failed to trigger coverage under the 30-day notice provision of the policy, the trial court properly entered summary judgment in favor of the insurer. See *Flamm v. Doe*, 167 Ga. App. 587, supra.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MARCH 19, 1987.

*William W. Keith III*, for appellant.
*F. Gregory Melton, William P. Claxton*, for appellee.