74385. HAMM v. LEDESMA et al.
(361 SE2d 205)

Benham, Judge.

James Norris, Jr., was killed in an automobile collision on October 15, 1983, while riding in an uninsured vehicle. Appellant, guardian of the deceased's daughter, brought suit against the various parties involved in the collision and had appellee Cotton States Mutual Insurance Company served as an uninsured motorist carrier. That service was made on the basis of four insurance policies issued by Cotton States to James Norris, Sr., father of the deceased. At the time of his death, Norris, Jr., was 27 years old and was living in his father's home, but was not a named insured on any of the policies. No claim was filed under those policies until September 1985. Conceding the question of coverage for the purpose of its motion, Cotton States sought summary judgment on the ground that it had not been given notice of the loss within 60 days as required by the policies and that the claim was not made "as soon as practicable," another requirement of the policies. The trial court found that the evidence showed that within 60 days after the loss, Norris, Sr., had been in the office of the agency from which he had procured the policies and had conversed with an employee of that agency concerning his son's death. The trial court also found, however, that the conversation did not constitute notice as required by the policies. The decisive issue in reviewing the grant of summary judgment to Cotton States is whether a question of fact remains concerning the adequacy of the notice Norris, Sr., claims he gave to Cotton States within 60 days of the loss.

A partner in Steele-Jones Insurance Agency, which sold Cotton States' policies to Norris, Sr., testified by affidavit that he had no notice and no knowledge of the accident or of any claim until September 1985. On deposition, however, the same witness testified that he did not know whether any of his employees knew of the accident prior to that date. Norris, Sr., testified by affidavit that "a discussion was initiated by an employee of Steele-Jones Insurance Agency regarding the death of my son which I confirmed." On deposition, Norris, Sr., testified that "we just talked about the accident and she was expressing sympathy about it, and that was the extent of it."

Appellant relies on *Kitt v. Shield Ins. Co.*, 240 Ga. 619 (241 SE2d 824) (1978), for the proposition that the issue of the adequacy of no-

tice is for a jury to decide. See also *Protective Ins. Co. v. Johnson,* 256 Ga. 713 (2) (352 SE2d 760) (1987). The trial court here recognized the holding in *Kitt* but attempted to distinguish it from the present case by noting that the conversation on which the insured relied in *Kitt* included the cause of death and the name of the other party involved in the accident, whereas there is no indication that those factors were mentioned in the conversation between Norris, Sr., and an employee of the insurance agency; and by observing that Norris, Jr., was an adult at the time of his death, not to be expected to be living at home, whereas the deceased in *Kitt* was a minor child. However, we note that Norris, Sr., stated in his deposition that he and the employee had discussed the "accident," raising the inference that the employee knew or became aware during that conversation of the cause of death. Furthermore, there is nothing in the record to show that the employee of the insurance agency knew how old Norris, Jr., was at the time of his death; the record only shows they discussed his death. The trial court also found *Kitt* distinguishable on the basis of the quantity of detail given by the insured: there, the record showed that the insured gave the insurer the name of the alleged tortfeasor and related the fact that he was uninsured; here, the record does not establish fully the amount of detail related. However, in light of the indulgence to be given a party opposing a motion for summary judgment, and considering the purpose for notice to insurers by insureds, we do not find that distinction to be sufficient to authorize the grant of summary judgment in this case.

" 'The purpose of notice is to enable the insurer to inform itself promptly concerning the accident, so that it may investigate the circumstances, . . . or be advised whether it is prudent to settle any claim arising therefrom.' [Cit.]" *Kitt,* supra at 621. The question to be decided here, then, is whether the insurer was given sufficient information so that it could make the appropriate decisions with regard to investigating the loss. Considering that question in the context of the requirement that evidence on a motion for summary judgment must be construed most strongly against the movant and that the party opposing the motion is entitled to all inferences which may fairly and reasonably be drawn in support of his case (*Vizzini v. Blonder,* 165 Ga. App. 840 (303 SE2d 38) (1983)), and the rule that a court considering a motion for summary judgment will treat the respondent's paper with considerable indulgence (*Mallard v. Jenkins,* 179 Ga. App. 582 (347 SE2d 339) (1986)), we hold that the issue of whether appellee was given sufficient notice of the loss is for resolution by a jury. Since that is the only issue addressed by the trial court, the judgment against appellant must be reversed.

*Judgment reversed. Banke, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 10, 1987 —
REHEARING DENIED SEPTEMBER 16, 1987 —

*Horace J. Johnson, Jr.*, for appellant.
*I. J. Parkerson, Roger Mills*, for appellees.