## 76198. JOHNSON v. ATLANTA CASUALTY COMPANY et al.
(370 SE2d 157)

CARLEY, Judge.

Appellant-plaintiff was injured when he was allegedly struck by a hit-and-run-driver. Appellant had no automobile insurance of his own. He did, however, reside with his father and brother, each of whom was afforded coverage under an automobile insurance policy. Appellant filed a "John Doe" complaint and served appellee-defendants in their capacities as the insurers of his father's and brother's automobile. Appellant sought to recover uninsured motorist benefits from appellees by virtue of his status as a resident of the household of appellees' insureds. Each appellee answered in its own name and each subsequently moved for summary judgment. Both motions were based upon the failure of appellant to comply with the notice provision contained in the applicable policy. The trial court granted appellees' motions for summary judgment, and appellant appeals.

It is undisputed that each policy contained a provision which required that written notice of any claim for coverage involving a hit-and-run incident be given to the respective insurer within thirty days of the incident. Appellant concedes that no attempt was made to give notice to either appellee until more than two months after the alleged incident. With regard to this lack of notice, the present case is, therefore, factually indistinguishable from *Adams v. Doe*, 182 Ga. App. 269 (355 SE2d 471) (1987), wherein we held that, as the result of the failure "to trigger coverage under the 30-day notice provision of the policy, the trial court properly entered summary judgment in favor of the insurer. [Cit.]" Supra at 270. Appellant asserts, however, that *Adams v. Doe*, supra, is not controlling authority here because he, unlike the plaintiff in that case, is not the named insured in the policies. Appellant contends, in effect, that he should be legally excused from compliance with a notice requirement which is contained in an insurance policy issued to another. However, compliance with the thirty-day notice provision for hit and run incidents is required by all who claim to be insureds under an insurance contract, not just to the policy holder himself. See *Flamm v. Doe*, 167 Ga. App. 587 (307 SE2d 105) (1983). Accordingly, the trial court correctly granted appellees' motions for summary judgment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1988 —
REHEARING DENIED APRIL 28, 1988 —

*Charles W. Cook, W. L. Salter, Jr.*, for appellant.
*Edward M. Hughes, Luhr G. C. Beckmann, Jr., Walter W. Bal-*

*lew III*, for appellees.