appellees.

## A91A1434. TITAN INDEMNITY COMPANY v. HALL COUNTY et al.
### (413 SE2d 213)

Judge Arnold Shulman.

This is a declaratory judgment action brought by the appellant insurance company to determine its obligations under a policy of general liability insurance issued to Hall County, which is one of the appellees herein.

On April 11, 1987, Elaine and Ruel Smith were killed when their car, being driven by Mr. Smith, crashed through a wooden guardrail on a county-maintained bridge and fell to the railroad bed below. An accident report prepared by two Hall County sheriff's deputies noted that "[t]here were decayed spots in the guard rail." The report further stated: "It is believed that [the car] was traveling at a slow speed and upon striking the wooden guard railing, shattered the only protective device which could have saved [it] from falling from the bridge." There is evidence that the county had plans to replace the bridge.

The county administrator, Michael Bryant, heard about the accident from a deputy sheriff soon after it occurred. From what the deputy told him, it was Bryant's impression that the driver of the car had suffered a heart attack and that the car had gone *over* rather than *through* the guardrail. Soon thereafter, Bryant had a telephone conversation with the local insurance agent who had sold the policy at issue to the county. While they were discussing other insurance matters unrelated to this case, the topic turned to a mutual friend who was in the construction business and who hoped to obtain the contract for the proposed replacement bridge. In the context of this discussion, Bryant mentioned to the insurance agent that there had recently been an automobile accident on the bridge in which two people had died. However, neither Bryant nor the insurance agent anticipated that the accident would result in a claim against the county, and neither of them transmitted notice of such a claim to the appellant.

On October 2, 1987, the appellant received notice from an unrelated third party that Mrs. Smith's heirs were contemplating a wrongful-death action against the county. On November 15, 1988, such an action was filed based on allegations that the county had been negligent in maintaining the bridge. (Also named as defendants in this action were the administrator of Mr. Smith's estate and Southern Railway, which owned the railroad right-of-way traversed by the bridge.)

The appellant insurer filed this declaratory judgment action against the county and the other parties to the wrongful-death action, contending that it had no obligation in the matter due to the county's alleged failure to comply with a policy provision requiring it to provide prompt notice "of an occurrence which may result in a claim."

The appellant and the county both moved for summary judgment in the declaratory judgment action. Concluding that a material factual dispute existed as to whether the county had given the appellant prompt notice of the accident, the trial court denied the appellant's motion. However, the court granted the county's motion, concluding that even if it had failed to comply with the notice requirements of the policy, such failure was unintentional and consequently did not affect its coverage due to the existence of the following policy endorsement: "Unintentional Errors or Omissions. Any error, misstatement or mistake in information given by you to us will not invalidate the insurance provided by this policy unless it was intentional. However, we are entitled to premium based upon the correct information." This appeal followed.

1. The appellant contends that the trial court erred in concluding that the "unintentional errors" endorsement was applicable to the insured's duty under the contract to provide prompt notice of "an occurrence which may result in a claim." We agree. It is clear from the language of the endorsement as a whole that it does not deal with the insured's obligation to report potential claims which may arise while the policy is in force but with the reporting of information relevant to the insurer's assessment of the risk involved in extending the coverage. Otherwise, the phrase, "[h]owever, we are entitled to premium based upon the correct information," would be meaningless, since a failure to provide notice of an accident covered by the policy would in no event affect the premium due thereon.

"[I]f the contract is ambiguous the ambiguity is to be resolved against the insurer. [Cit.] But ambiguity is not to be created by lifting a clause or portion of the contract out of context. . . ." *Cherokee Credit Life Ins. Co. v. Baker*, 119 Ga. App. 579, 583 (168 SE2d 171) (1969). Accord *Georgia Farm &c. Ins. Co. v. Joiner Intl.*, 177 Ga. App. 233, 234 (339 SE2d 284) (1985); *Georgia Farm &c. Ins. Co. v. Ray*, 148 Ga. App. 85 (251 SE2d 34) (1978); *Midland Nat. Ins. Co. v. Wright*, 117 Ga. App. 208 (1) (160 SE2d 262) (1968). Because the "Unintentional Errors or Omissions" endorsement can be considered controlling in this case only by reading the first sentence thereof out of context with the second, we hold that the trial court erred in granting the county's motion for summary judgment.

2. We agree with the trial court, however, that the evidence does not establish as a matter of law that the county "failed to provide [the appellant] with timely notice of the accident." It appears that at

the conclusion of their telephone conversation shortly after the accident, the insurance agent knew as much about what had happened as did the county administrator. It has been held that notice to the selling agent may be considered notice to the insurance company. See *International Indem. Co. v. Odom*, 174 Ga. App. 6, 7 (329 SE2d 307) (1985). Furthermore, "[i]n *Kitt v. Shield Ins. Co.*, 240 Ga. 619, 621 (241 SE2d 824) (1978), . . . the court held that the requirement for giving notice of an accident does not require that the insured give notice that a claim will be made against the insurer." *Tennessee Farmers Mut. Ins. Co. v. Wheeler*, 178 Ga. App. 73, 76 (341 SE2d 898) (1986). "As is true generally with regard to issues relating to reasonableness and sufficiency of compliance with stated conditions, questions of the adequacy of the notice and the merit of appellees' claim of justification are ones of fact which must be resolved by a jury as they are not susceptible to being summarily adjudicated as a matter of law. [Cits.]" *State Farm &c. Ins. Co. v. Sloan*, 150 Ga. App. 464, 466 (258 SE2d 146) (1979). Accord *Johnson v. Southeastern Fid. Ins. Co.*, 178 Ga. App. 431 (1) (343 SE2d 709) (1986); *Hamm v. Ledesma*, 184 Ga. App. 237 (361 SE2d 205) (1987). Accordingly, the trial court did not err in denying the appellant's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 28, 1991 —
RECONSIDERATION DENIED NOVEMBER 22, 1991 — 

*Nall, Miller, Owens, Hocutt & Howard, Kenneth P. McDuffie, Michael D. Hostetter*, for appellant.

*Forrester & Brim, Weymon H. Forrester, Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Finch, McCranie, Brown & Thrash, Thomas W. Thrash, Jr., Stewart, Melvin & House, J. Douglas Stewart*, for appellees.