A96A0753. FREMICHAEL v. DOE.
A96A0754. SENTRY INSURANCE COMPANY v. FREMICHAEL.
(472 SE2d 440)

ANDREWS, Judge.

Both of these appeals arise from an accident in which an unknown motorist struck Abraham Fremichael's car, causing him to lose control and hit a utility pole. Fremichael filed a complaint against the unknown motorist and served a copy on Sentry Insurance Company, his uninsured motorist carrier. Sentry moved for summary judgment, contending Fremichael failed to submit a sworn proof of loss statement, a condition precedent to recovery under his policy. The trial court granted Sentry's motion, but later vacated and re-entered the order because Fremichael's attorney never received a copy of the order and, therefore, was unable to file a timely appeal.

## Case No. A96A0754

In this case, Sentry appeals the trial court's order vacating its March 28, 1995 order granting Sentry's motion for summary judgment on Fremichael's claim. The trial court vacated the order because, due to a clerical error, Fremichael's attorney never received timely notice of the order as required by OCGA § 15-6-21 (c). Fremichael's attorney had inadvertently listed his address on the complaint as "230" Peachtree Street instead of "225" Peachtree Street, and when the trial court granted Sentry's motion for summary judgment, the copy of the order was sent to 230 Peachtree Street. This copy was returned to the court stamped "return to sender."

On May 22, 1995, the attorney discovered the order had been entered on March 28. On June 9, 1995, Fremichael filed a motion to

accept late filed notice of appeal, claiming he had not received the order and, therefore, was unable to file his appeal before the 30 days had expired. On August 9, 1995, the trial court entered an order denying Fremichael's motion.[1] But, in that same order, the trial court found that Fremichael had been prejudiced due to a clerical error, and vacated the March 28, 1995 order granting summary judgment to Sentry. That same day, the trial court entered another order granting Sentry's motion for summary judgment, and it is from that order that Fremichael filed his appeal in Case No. A96A0753.

But, Sentry appeals the trial court's order vacating its March 28, 1995 order, contending the order was a final judgment and was vacated after the expiration of the term of court in which it was entered. Nevertheless, it is undisputed that Fremichael did not receive timely notice of the order as required by OCGA § 15-6-21 (c). Therefore, the trial judge was within his authority to set aside the order and re-enter it in a subsequent term of court pursuant to OCGA § 9-11-60 (g). *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (269 SE2d 426) (1980); *City of Monroe v. Jordan*, 201 Ga. App. 332, 333 (411 SE2d 511) (1991). Accordingly, the trial court did not err in vacating and re-entering its March 28, 1995 order granting Sentry's motion for summary judgment.

### Case No. A96A0753

In this case, Fremichael appeals the trial court's order granting Sentry's motion for summary judgment. Sentry contended that Fremichael did not comply with a condition precedent to recovery under his insurance policy, namely, submitting a sworn proof of loss statement to Sentry within 30 days of reporting the accident. Fremichael argues he was never informed of this requirement and the issues of whether he substantially complied with the notice provision and whether he justifiably failed to submit the sworn proof of loss statement are questions of fact and should not have been decided on summary judgment. We agree and reverse the judgment of the trial court.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the docu-

---

[1] While the trial court may grant an extension of time in which to file a notice of appeal, the motion requesting the extension must be filed before the 30 days in which to file the notice of appeal have expired. See OCGA §§ 5-6-38, 5-6-39; *Morris v. State*, 115 Ga. App. 715 (155 SE2d 735) (1967).

ments, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Citations and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Accordingly, the facts, viewed in the light most favorable to Fremichael as non-movant, were that following the accident with the unknown motorist, Fremichael immediately notified Sentry of the accident. He spoke with a claims representative who took a recorded statement from him on the details of the accident. Fremichael also spoke several times to John Ring, a Sentry claims adjuster, about estimates and repairing his car.

Sentry subsequently paid approximately $5,000 on Fremichael's medical bills and $300 on a car rental. Sentry also issued Fremichael a check for $3,317.66 for car repairs, but Fremichael contended this was insufficient to cover the car repair costs.

1. Fremichael does not dispute that he did not follow up his report of the accident by submitting a sworn proof of loss. He contends that he was unaware of this requirement because he never received a copy of any policy containing this provision. The provision in question is as follows:

"If the car accident involves a hit-and-run driver, it must be reported within 24 hours to the police or Commissioner of Motor Vehicles. A statement under oath must be filed with us within 30 days after the accident has been reported. If you were occupying a motor vehicle at the time of the accident, you must make it available for our inspection." Although Sentry alleges this provision was part of Fremichael's policy, it is not included in the original insurance policy Sentry issued to Fremichael. Further, defendant's Exhibit 1 to Fremichael's deposition, which contains the sworn statement requirement, consists of pages 2 and 3 of some unidentified document. There is no front page included, and we are unable to determine from the record before us the context of this provision. When shown defendant's Exhibit 1 during his deposition, Fremichael stated he had never seen this provision before. Accordingly, Sentry has submitted no evidence that this provision was included in Fremichael's policy or that he was ever informed of the requirement to submit a sworn statement.

In addition, the purpose of the notice provision in an insurance policy is to enable an insurer to investigate promptly the facts sur-

rounding the occurrence while they are still fresh and the witnesses are still available, prepare for a defense if necessary, or decide whether to settle the claim. *Kitt v. Shield Ins. Co.*, 240 Ga. 619, 621 (241 SE2d 824) (1978); *State Farm &c. Ins. Co. v. Sloan*, 150 Ga. App. 464, 466 (258 SE2d 146) (1979). Here, it is undisputed that timely and reasonable notice was given and Sentry had actual knowledge of the claim, thus fulfilling the underlying purpose of the notice requirement. See *Hartford Accident &c. Co. v. Strain Poultry Farms,* 166 Ga. App. 334, 336 (303 SE2d 781) (1983).

The determination of the issues of sufficiency of compliance with the notice provision, justification for non-compliance, and diligence are questions of fact which must be resolved by a jury. *Titan Indem. Co. v. Hall County*, 202 Ga. App. 38, 40 (413 SE2d 213) (1991); *Standard Guaranty Ins. Co. v. Carswell*, 192 Ga. App. 103, 104 (384 SE2d 213) (1989). Accordingly, whether Sentry received *sufficient* notice of the accident because Fremichael did not submit a sworn statement and whether there was justification for Fremichael's failure to submit a sworn statement are issues for determination by a jury, and the trial court erred in granting Sentry's motion for summary judgment. See *Hamm v. Ledesma*, 184 Ga. App. 237, 238 (361 SE2d 205) (1987) (physical precedent only). Compare *Johnson v. Atlanta Cas. Co.*, 187 Ga. App. 306 (370 SE2d 157) (1988) (insurance company given no notice whatsoever until more than 60 days after the accident); *Flamm v. Doe*, 167 Ga. App. 587 (307 SE2d 105) (1983) (insurer received no notice of the accident until almost 90 days after its occurrence).

2. Fremichael also contends the trial court erred in granting Sentry's motion for summary judgment because there are issues of fact as to whether Sentry's actions after being informed of the accident constituted a waiver of the sworn statement requirement. We agree. "In general, the reception and retention by the insurer, *without objection*, of inadequate notice or proof of loss is a waiver of the right to set up as a defense that the insured failed in any particular to comply with the requirements of the policy." (Emphasis supplied.) *Clark v. State Farm &c. Ins. Co.*, 171 Ga. App. 554, 556 (320 SE2d 380) (1984) (Pope, J., concurring).

Further, the issue of whether an insurer has waived strict compliance with the notice provision is normally a question of fact for a jury. Id. at 555. Accordingly, the trial court erred in granting Sentry's motion for summary judgment on this issue.

*Judgment reversed in Case No. A96A0753 and affirmed in Case No. A96A0754. Pope, P. J., and Smith, J., concur.*

Decided May 14, 1996 —
Reconsideration dismissed June 13, 1996 —

*Harold M. Harvey, Kimberly A. Staten-Hayes,* for Fremichael.
*Goodman, McGuffey, Aust & Lindsey, William P. Claxton, James B. McClung,* for Sentry Insurance Company and Doe.