A98A0625. WALLACE v. SCAFFEE et al.
(501 SE2d 561)

POPE, Presiding Judge.

In this boundary line dispute, both the plaintiff, Jimmy Wallace, and the defendants, James Scaffee, Ronald Kerbow, and Miriam Kerbow, moved for summary judgment. Relying on separate surveys and expert opinions, each party advocated a different boundary line and claimed the undisputed facts showed as a matter of law that its proposed boundary line was the correct one. The trial court denied

both motions for summary judgment. In that same order, based on its belief that when both parties move for summary judgment "the Court becomes the trier of fact," the trial court rejected both proposed boundary lines and decreed a boundary of its own. Wallace appeals, claiming that once the trial court found issues of fact existed, it had no power to decide the factual issue of the boundary line's placement when the parties had requested a jury trial. We agree and reverse.

The fact that both parties have moved for summary judgment does not empower the trial court to determine issues of material fact that it finds exist. "On summary judgment, a trial court is not authorized to resolve disputed issues of material fact. A trial court is authorized only to determine whether disputed issues of material fact remain." *Ga. Canoeing Assn. v. Henry*, 263 Ga. 77, 78 (428 SE2d 336) (1993). See *Titan Indem. Co. v. Hall County*, 202 Ga. App. 38 (413 SE2d 213) (1991) (finding questions of fact precluded summary judgment for either party, even though both parties had moved for summary judgment). In their brief, Scaffee and the Kerbows agree that the trial court overstepped its bounds to the extent it determined an issue of fact. While they go on to argue that no such issue of fact existed and claim they were entitled to summary judgment, we have no jurisdiction to address that issue because they did not file a cross-appeal of the trial court's denial of their motion for summary judgment. See *Decatur Fed. S & L Assn. v. Litsky*, 207 Ga. App. 752, 755 (2) (429 SE2d 300) (1993).

*Judgment reversed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 13, 1998.

*Serio & Swilley, Salvatore J. Serio*, for appellant.
*Harger W. Hoyt*, for appellees.