A96A2215. DOWNS v. C.D.C. FEDERAL CREDIT UNION et al.
(481 SE2d 903)

ANDREWS, Chief Judge.

Carrie Downs appeals from the trial court's order denying her motion to set aside the judgment dismissing her claims against the Credit Union and its vice-president, Danny Prewett, for fraudulent misrepresentation and negligent hiring and retention. The sole issue to be decided on appeal is whether the trial court erred in denying Downs' motion to set aside the judgment under OCGA § 9-11-60 (g). We find that it did and reverse.

1. The Credit Union filed a motion to dismiss this appeal on the ground that Downs did not preserve the issue for appeal because she never moved to correct a clerical mistake under OCGA § 9-11-60 (g) in the trial court. This is incorrect and misstates the record. The record shows that on page 3 of her brief in support of the motion, Downs requested that the judgment be set aside and re-entered pursuant to OCGA § 9-11-60 (g) because she never received a copy of the order. Motions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal. *Leventhal v. Moseley*, 264 Ga. 891, 892 (453 SE2d 455) (1995). Accordingly, the Credit

Union's motion to dismiss is denied.

2. The issue then becomes whether the trial court erred in denying Downs' motion to set aside the judgment. The Credit Union argues that Downs was on notice of the court's order because the Credit Union's memorandum in support of its request for attorney fees specifically mentioned that the court had entered final judgment in favor of all defendants. But, the issue is not whether Downs or her counsel had actual knowledge that judgment was entered, but whether the trial court complied with OCGA § 15-6-21 (c). *Intertrust Corp. v. Fischer Imaging Corp.*, 198 Ga. App. 812, 813 (403 SE2d 94) (1991). Here, according to the unrefuted affidavit submitted by Downs' attorney, neither he nor Downs received notice of the court's order dismissing Downs' complaint.

*Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), holds that upon a finding that notice of the order was not provided, the trial court may grant the motion to set aside and re-enter the judgment. If the trial judge finds that notice was sent and received, then he should refuse to set aside the earlier judgment. Id. at 148-149. In order to implement the procedure set forth by *Cambron*, the trial court must "first make a finding regarding whether the duty imposed on the court by OCGA § 15-6-21 (c) was met." *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2) (451 SE2d 810) (1994) (physical precedent only).

Here, the order appealed from made no findings of fact, merely stating that the motion to set aside was denied. Therefore, we are unable to determine whether the court's denial of Downs' motion to set aside was proper under *Cambron*, especially since the unrefuted evidence in the record shows that Downs and her attorney received no notice of the order. Accordingly, the order of the trial court is vacated, and this case is remanded to the trial court with direction that the court make the necessary findings under *Cambron*. If the court finds that Downs received no notice of the entry of final judgment, then the motion to set aside must be granted and the judgment re-entered. *Cambron*, supra; *Kendall*, supra.

3. In light of the holding above, we need not address the remaining enumeration of error.

*Judgment vacated and case remanded. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 26, 1997.

*John A. Roberts*, for appellant.

*Fisher & Phillips, Roger K. Quillen, Littler, Mendelson, Fastiff, Tichy & Mathiason, Dion Y. Kohler*, for appellees.