A99A1245. BROWN v. E.I. DU PONT DE NEMOURS & COMPANY et al.
(525 SE2d 731)

PHIPPS, Judge.

Leonard B. Brown, Jr. brought suit against E.I. du Pont de Nemours & Company (DuPont), Sears, Roebuck & Company, Inter-City Products Corporation (USA), Trane Company and others for damages allegedly suffered as a result of his exposure to Freon, which he claimed leaked from heating and air conditioning units in his residences and other buildings. The trial court granted summary judgment to the defendants in four separate orders. The trial court also awarded attorney fees and expenses to Trane. Brown appealed from one of the summary judgment orders, but the trial court dismissed the appeal. Brown then filed a motion to vacate or set aside the order dismissing his appeal, claiming he never received notice of the order. That motion was also denied.

[3] See *Sims v. State*, 226 Ga. App. 116, 118 (4) (486 SE2d 365) (1997).
[4] 443 U. S. 307, 324 (99 SC 2781, 61 LE2d 560) (1979).

In his notice of appeal, Brown recites that he is appealing the order denying his motion to vacate or set aside. In his enumerations of error, Brown also challenges the order dismissing his appeal, the orders granting summary judgment against him, and the order awarding litigation expenses to Trane. We have jurisdiction over only one of Brown's claims — the challenge to the order denying his motion to vacate or set aside. Because that order does not include the required findings, we vacate and remand.

1. Brown challenges the trial court's dismissal of his appeal from one of the summary judgment orders. The dismissal of an appeal by the trial court is subject to direct appeal.[1] The order dismissing Brown's appeal was signed on October 7, 1997, nunc pro tunc to September 17, 1997. Brown filed his current notice of appeal on March 30, 1998.

As an appellate court, we have a duty to raise the question of jurisdiction in all cases where there may be doubt about its existence.[2] The notice of appeal must be timely filed for appellate jurisdiction to exist.[3]

Brown's claim that he did not receive notice of the order dismissing his appeal within 30 days of its entry does not extend the time for filing a notice of appeal.[4] Instead, if the court failed to provide Brown with proper notice of the order as required by OCGA § 15-6-21 (c), his recourse is a motion to set aside. But filing a motion to set aside does not extend the time for filing a notice of appeal either.[5]

Because Brown failed to file a notice of appeal within 30 days after the entry of the appealable order complained of and that time period was not extended, we have no jurisdiction to review the order at issue.[6]

2. Brown enumerates as error the trial court's grant of summary judgment to DuPont, Sears, Inter-City, and Trane.

An order granting summary judgment is directly appealable.[7] The trial court's orders granting summary judgment were entered on June 16, 1997 (DuPont) and June 24, 1997 (Sears, Inter-City and Trane). After obtaining an extension of time to appeal, Brown filed a notice of appeal from the June 16, 1997 order on August 1, 1997. The

---

[1] *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 860 (424 SE2d 33) (1992).

[2] *Atlantic-Canadian Corp. v. Hammer, Siler &c. Assoc.*, 167 Ga. App. 257 (1) (306 SE2d 22) (1983).

[3] Id.

[4] Id.

[5] Id.

[6] See OCGA § 5-6-38 (a).

[7] OCGA § 9-11-56 (h); *McConnell v. Moore*, 232 Ga. App. 700, 702 (503 SE2d 593) (1998).

trial court dismissed that appeal in an order entered retroactively to September 17, 1997.

Brown's current notice of appeal was filed on March 30, 1998, more than nine months after the summary judgment orders were entered. Because the only notice of appeal before us was filed more than 30 days after the entry of the appealable summary judgment orders complained of, we have no jurisdiction to review those orders.[8]

3. Brown attempts to challenge the trial court's order granting litigation expenses to Trane, which was entered on October 15, 1997.

An appeal from an order awarding attorney fees or expenses of litigation under OCGA § 9-15-14 must be made by application unless the order is appealed as part of a judgment that is directly appealable.[9] If Brown's first appeal (from one of the summary judgment orders) had not been dismissed, a direct appeal from the order awarding litigation expenses would have been possible.[10] Because no direct appeal was pending, Brown was required to file an application to appeal from the order awarding litigation expenses to Trane. He failed to do so. We therefore lack jurisdiction to consider the October 15, 1997 order.[11]

Even if a direct appeal were possible, Brown did not file a notice of appeal from that order until March 30, 1998, more than five months after it was entered. As a result, for the reasons set forth in Divisions 1 and 2, we would not have jurisdiction to review the October 15, 1997 order under a direct appeal.

4. Brown contends the trial court erred by denying his motion to vacate and set aside the order dismissing his appeal. The order denying the motion to vacate and set aside was entered on March 2, 1998, and Brown filed a timely notice of appeal.

In his motion to vacate and set aside, Brown claimed he never received notice of the order dismissing his appeal. He submitted an affidavit supporting his claim. DuPont, Sears, Inter-City, and Trane all filed responses to Brown's motion. The trial court granted Sears's and Inter-City's request for oral argument, and a hearing was scheduled for March 2, 1998, with notice given to all parties. Brown failed to appear at the hearing, and the trial court denied his motion to vacate or set aside.

A trial judge has a duty "to file his decision with the clerk of the court in which the cases are pending and to notify the attorney or

---

[8] See OCGA § 5-6-38 (a).

[9] OCGA § 5-6-35 (a) (10), (b); *Mitcham v. Blalock*, 268 Ga. 644, 646-647 (4) (491 SE2d 782) (1997).

[10] Id.

[11] *Serpentfoot v. Salmon*, 225 Ga. App. 478 (483 SE2d 927) (1997).

attorneys of the losing party of his decision."[12] If the trial court fails to send notice to the losing party, the losing party can file a motion to set aside the earlier order or judgment.[13] *Cambron* sets out the procedure to be followed in these circumstances: upon a finding that notice was not provided by the trial court, the motion to set aside should be granted, the order or judgment reentered, and the losing party given 30 days from the date of reentry to file a notice of appeal.[14]

DuPont contends Brown was notified of the order dismissing his appeal during a hearing on October 7, 1997. Although the record shows that the trial judge told the parties that he was inclined to enter an order dismissing the appeal, he further stated that he was going to consider it overnight and then make a decision about what he wanted to do. The record does not reflect that the order at issue was presented and signed on October 7, 1997, in Brown's presence. The trial judge's indication of his likely action was not sufficient to satisfy the notice requirements of OCGA § 15-6-21 (c).

The issue is not whether Brown had knowledge that the order was entered but whether the trial judge carried out the duties imposed by OCGA § 15-6-21 (c).[15] To implement the procedure set out in *Cambron*, the trial court must first make a finding regarding whether the duty imposed by OCGA § 15-6-21 (c) was met.[16] Here, the order appealed from made no findings of fact regarding notice to Brown and only listed his failure to appear as a potential reason for the denial. We are therefore unable to determine whether the court's denial of Brown's motion to vacate and set aside was proper under *Cambron*.

As a result, we vacate the order denying Brown's motion to vacate or set aside and remand the case to the trial court with direction to make the necessary findings under *Cambron*. If the trial judge finds that Brown was not provided notice of the order dismissing his appeal, the motion to set aside must be granted and the order reentered.[17] If the trial judge finds that notice of the order was sent and received, he should refuse to set aside the earlier order.[18]

*Judgment vacated and case remanded. McMurray, P. J., and Andrews, P. J., concur.*

---

[12] OCGA § 15-6-21 (c).
[13] *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980).
[14] Id. at 148-149.
[15] *Downs v. C.D.C. Fed. Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997); *Kendall v. Peach State Machinery*, 215 Ga. App. 633, 634 (2) (451 SE2d 810) (1994).
[16] Id.
[17] Id.
[18] *Crawford v. Kroger Co.*, 183 Ga. App. 836, 837 (2) (360 SE2d 274) (1987).

DECIDED NOVEMBER 18, 1999.

*Robert M. Goldberg*, for appellant.

Leonard B. Brown, Jr., *pro se.*

*McCullough Sherrill, George L. Murphy, Jr., Michael D. Crisp, Nall, Miller, Owens, Hocutt & Howard, James S. Owens, Jr., Charles R. Carson, Hawkins & Parnell, Warner S. Fox*, for appellees.