A01A0559. SEA TOW/SEA SPILL OF SAVANNAH v. PHILLIPS.
(545 SE2d 34)

MIKELL, Judge.

Sea Tow/Sea Spill of Savannah ("Sea Tow") filed suit in state court against Robert L. Phillips seeking recovery for services rendered in connection with the salvage of Phillips' boat. Phillips filed a motion to dismiss the complaint, contending that the court lacked subject matter jurisdiction because the action was subject to federal maritime law. On February 7, 2000, prior to expiration of the time permitted for Sea Tow to respond, the court granted Phillips' motion.

---

Sea Tow filed a motion to set aside the dismissal on July 18, 2000, on the ground that it had not received a copy of the court's order or any notice of the adverse decision. The court denied the motion to set aside, and this appeal followed. We reverse.

1. Phillips has moved to dismiss this appeal, arguing that the denial of a motion to set aside judgment is not subject to direct appeal, and that Sea Tow failed to follow the discretionary appeal procedure. OCGA § 5-6-35 (a) (8). See also *Magnum Communications v. IBM Corp.*, 206 Ga. App. 131 (1) (424 SE2d 379) (1992). However, "[m]otions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal." *Downs v. C.D.C. Fed. Credit Union*, 224 Ga. App. 869 (1) (481 SE2d 903) (1997), citing *Leventhal v. Moseley*, 264 Ga. 891, 892 (453 SE2d 455) (1995). Accordingly, Phillips' motion to dismiss this appeal is denied.

2. First, Sea Tow argues that the court erred in denying its motion to set aside because the court failed to notify counsel for Sea Tow that the order of dismissal had been entered.

OCGA § 15-6-21 (c) provides that a trial court must notify counsel of an adverse decision on a motion. If a trial court fails to send notice to the losing party, that party can file a motion to set aside the earlier order or judgment. *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 896 (4) (525 SE2d 731) (1999). Upon a finding that the losing party did not receive notice, the trial court should grant the motion to set aside, reenter the dismissal order, and give the losing party 30 days to file a notice of appeal. Id., citing *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980).

Sea Tow contends that it did not receive notice from the court that Phillips' motion to dismiss had been granted. This contention is supported by the fact that Sea Tow filed a response to the motion to dismiss after the court had entered its order and wrote a letter to a member of the judge's staff confirming that Sea Tow received no notice from the court. The record shows that Phillips informed Sea Tow of the dismissal on July 10, 2000, and that Sea Tow immediately filed a motion to set aside the order.

Phillips argues that the court properly denied Sea Tow's motion to set aside, because there was insufficient proof that Sea Tow did not receive notice of the dismissal. We agree that it would have been the better practice for Sea Tow to attach an affidavit to its motion evidencing that notice was not received; however, it is uncontroverted that Sea Tow did not receive notice of the adverse decision.

Accordingly, we conclude that the court erred in denying Sea Tow's motion to set aside the order of dismissal. The court's failure to provide counsel with notice of the adverse decision effectively

deprived Sea Tow of the opportunity to seek reconsideration or appeal of the order of dismissal.

3. In its remaining enumerated errors, Sea Tow argues that the court erred in considering matters outside the pleadings in connection with the motion to dismiss, and that the dismissal was erroneous as a matter of law. However, the only notice of appeal before us was filed more than 30 days after the entry of the order of dismissal. Thus, we have no jurisdiction to consider the merits of that order or whether the court abused its discretion in considering matters outside the pleadings. See *Brown*, supra, 240 Ga. App. at 895 (2). Based on our holding in Division 2, the court must set aside and reenter its order; therefore, Sea Tow may file a notice of appeal within 30 days of the reentry of the order of dismissal.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 19, 2001.

*Portman & Felser, Barnard M. Portman, James F. Shehane IV,* for appellant.
*Hunter, Maclean, Exley & Dunn, Colin A. McRae,* for appellee.