### A09A2040. GRANT v. STATE OF GEORGIA.
(691 SE2d 623)

MILLER, Chief Judge.

Anthony Grant appeals from the trial court's order denying his motion to set aside and re-enter order, arguing that the trial court erred in failing to notify him of the entry of its order denying his application for return of personal property, as required by OCGA § 15-6-21 (c). Given that the trial court failed to comply with its duty under OCGA § 15-6-21 (c), we remand the case to the trial court to make the findings required under *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148 (1) (269 SE2d 426) (1980).

On appeal, we review a trial court's decision on a motion to set aside judgment for an abuse of discretion. *A.A. Professional Bail v. State of Ga.*, 265 Ga. App. 42 (592 SE2d 866) (2004).

The record shows that Captain Terry Wright with the Glynn County Police Department's Narcotics Enforcement Team received information from an anonymous caller concerning Grant's alleged drug distribution activities in Liberty, McIntosh and Glynn counties. On January 4, 2009, the same caller informed Captain Wright that Grant would be traveling from McIntosh County to Glynn County in a silver rental vehicle and in possession of a kilogram of cocaine and some currency. On that same day, a Glynn County patrol officer observed the subject rental vehicle traveling on Highway 17, and another patrol officer subsequently stopped the rental vehicle driven by Grant for weaving. After another officer brought a drug dog to the scene, the drug dog alerted on the vehicle. Police officers searched the rental vehicle and discovered $60,020 concealed in the back seat, wrapped in aluminum foil in separate bundles. Grant denied ownership of the concealed money and only claimed ownership of $3,000 in the glove compartment of the car, which was returned to him.

On January 14, 2009, Grant filed an application for the return of property to recover the $60,020 in cash seized by Glynn County police ("application"), contending that the police had illegally seized his money; that the search was illegal; and there was no pending forfeiture action filed by the State. See OCGA § 16-13-49 (q) (4). The trial court held a hearing on Grant's application on February 17, 2009, and by order dated February 25, 2009, it determined that probable cause existed for seizure of the concealed funds. This order was filed on March 4, 2009, yet the record does not indicate that counsel for the parties were served with a copy of the order.

On April 21, 2009, Grant filed a motion to set aside and re-enter order, asserting that the trial court failed to comply with OCGA § 15-6-21 (c), as he did not receive a copy of the order denying his application ("application order"). In support of his motion, Grant attached an affidavit in which his counsel stated that he "first learned of the existence of the [application order] when [he] received a copy of the letter dated April 10, 2009 from opposing counsel to [the trial judge]." Grant's counsel further stated that he had "reviewed the file maintained by the Clerk of Court[ ] . . . [and] it did not contain any indication that [the trial judge] or the Clerk of Court notified [him] of the entry of the order dated March 4, 2009." Following a hearing on Grant's motion to set aside and re-enter order, the trial court denied the motion.

Grant contends that the trial court failed to comply with OCGA § 15-6-21 (c) in denying his motion to set aside and re-enter order and requests that the case be remanded to the trial court to determine whether the trial court sent notice of its decision to Grant's counsel. We agree that the trial court failed to make the requisite findings under OCGA § 15-6-21 (c) and find that remand is appropriate.

Under OCGA § 15-6-21 (c), "it shall be the duty of the judge to file his or her decision [on a motion] with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision[,]" unless notice has been waived pursuant to OCGA § 9-11-5 (a). In *Cambron*, supra, the trial court granted appellant's motion to set aside based on its clerical mistake in failing to notify appellant of its decision denying his motion for new trial. Id. at 147 (1). The appellant introduced an affidavit from the trial judge in which the trial judge stated that he provided his decision to his secretary with instructions for her to mail copies of the order to counsel and to file the order with the clerk. Id. at 147-148 (1). The record showed, however, that neither party was notified of the trial judge's order. Id. at 148 (1). Thus, our Supreme Court held that "upon [the trial court's] finding that notice was not provided as required by [OCGA § 15-6-21 (c)], the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within which the losing party must appeal will begin to run from the date of the re-entry." Id. at 148-149 (1). We have held that, "[i]n order to implement the procedure set forth by *Cambron*, the trial court must first make a finding regarding whether the duty imposed on the court by OCGA § 15-6-21 (c) was met." (Citation and punctuation omitted.) *Downs v. C.D.C. Fed. Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997).

Here, rather than addressing Grant's arguments in his motion to set aside and its compliance with the notice requirements in

OCGA § 15-6-21 (c), the trial court focused on a separate issue: whether the order denying the application was a final order from which a direct appeal would lie. The trial judge observed that on February 26, 2009, the State filed a complaint for forfeiture regarding the same currency at issue in Grant's application, and, as such, the forfeiture complaint was reassigned to him, given that he had previously ruled on the application.[1] The trial judge reasoned that when the forfeiture complaint was assigned to him, he should have consolidated the application and forfeiture complaint because under the forfeiture statute, OCGA § 16-13-49, "the actions are in fact one" and further stated that if he had known that the State intended to file a forfeiture complaint, he "would not have set the hearing until after the State filed its complaint or the expiration of the 60 day period" in which the State is required to do so. See OCGA § 16-13-49 (h) (2). The trial judge then consolidated the two cases, sua sponte. Having consolidated the cases, the trial judge denied the motion to set aside, reasoning that the application order was not a final order, and as such, Grant's right to a direct appeal was not prejudiced. The trial court's reasoning is erroneous.

After Grant filed his application under OCGA § 16-13-49 (q) (4), the trial court was authorized to "issue an order to show cause to the seizing law enforcement agency for a hearing on the sole issue of whether probable cause for forfeiture of the property then exists." The trial court's application order resolving this issue was the final order in the proceeding initiated by Grant. Contrary to the trial court's conclusion that the application and the forfeiture complaint were not separate actions, they at different times, as the forfeiture statute permits, were assigned different case numbers. Compare OCGA § 16-13-49 (h) (2) and (q) (4) (forfeiture complaint must be filed within 60 days of seizure, while application for return of property must be filed within 30 days of seizure or actual knowledge thereof, whichever is earlier).

The trial court lacked authority to consolidate the two proceedings absent a motion from Grant or the State. See OCGA § 16-13-49 (k) ("[a]n action under this Code section may be consolidated with any other action or proceeding under this article relating to the same property on motion by an interest holder and must be so consolidated on motion by the district attorney in either proceeding or action"). Thus, there was no valid basis for the trial court to consolidate the application with the forfeiture complaint sua sponte.

Here, the undisputed evidence shows that the trial court's order denying Grant's motion to set aside contained no findings as to

---

[1] The forfeiture complaint is not included in the record on appeal.

whether the trial court sent notice to Grant of its application order as required under OCGA § 15-6-21 (c). And the affidavit submitted by Grant's counsel indicates that he did not receive notice of the application order. Given the foregoing, "we are unable to determine whether the [trial] court's denial of [Grant's] motion to set aside was proper under *Cambron*[.]" *Downs*, supra, 224 Ga. App. at 870 (2). Therefore, the trial court's order denying Grant's motion to set aside and re-enter order is vacated, and "this case is remanded to the trial court with direction that [it] make the necessary findings under *Cambron*. If the court finds that [Grant] received no notice of the entry of [the application order], then the motion to set aside must be granted and the [application order] re-entered." (Citations omitted.) Id.

*Judgment vacated and case remanded with direction. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 9, 2010.

*Vincent D. Sowerby*, for appellant.
*Stephen D. Kelley, District Attorney, Clara E. Bucci, Assistant District Attorney*, for appellee.