S11A1232. PIERCE v. THE STATE.

(717 SE2d 202)

CARLEY, Presiding Justice.

Jason Pierce was indicted on September 28, 1999 for the murders of Patrice Lassiter and Monique Brown and the aggravated assault of Shunae Allen, as well as other offenses. The State filed a notice of intent to seek the death penalty, which specified certain statutory aggravating circumstances. In December 2003, Pierce pled guilty to two counts of malice murder, one count of aggravated assault, and one count of possession of a firearm by a convicted felon. The trial court imposed consecutive sentences of life imprisonment

without the possibility of parole for the murders and consecutive terms of years for the remaining offenses.

Acting pro se in 2007, Pierce filed a motion for appointment of counsel, a motion to vacate a void and illegal sentence, and a "renewed" motion for appointment of counsel. In January 2008, Pierce filed an "amended" motion for out-of-time appeal, which was denied on February 28, 2008. On January 25, 2010, Pierce filed a motion to set aside the February 2008 order pursuant to *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). On February 3, 2011, the trial court dismissed the motion for appointment of counsel in one order and denied all other pending motions in a separate order. Pierce directly appeals pro se from the latter order. See *Rooney v. State*, 287 Ga. 1, 3 (2) (690 SE2d 804) (2010) (denial of motion to vacate void sentence is directly appealable); *Leventhal v. Moseley*, 264 Ga. 891, 892 (453 SE2d 455) (1995) (denial of *Cambron* motion to set aside, which is not enumerated in OCGA § 5-6-35 (a), is directly appealable).

1. Pierce first enumerates the trial court's failure to appoint counsel to prosecute the motions for out-of-time appeal and to vacate a void and illegal sentence. We address this issue pursuant to OCGA § 5-6-34 (d), although we note that a final decision refusing to appoint post-conviction counsel generally is itself directly appealable. *Hight v. State*, 308 Ga. App. 595, fn. 2 (708 SE2d 555) (2011).

"An indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence. [Cits.]" *Orr v. State*, 276 Ga. 91, 93 (3) (575 SE2d 444) (2003). Pierce did not file a motion to withdraw his guilty plea which, if timely, would have triggered the right to appointed counsel. See *Fortson v. State*, 272 Ga. 457, 458 (1) (532 SE2d 102) (2000). "Thus, an indigent defendant who, like [Pierce], has filed a motion to vacate void sentences is not entitled to counsel to pursue either the motion or an appeal from the denial thereof. [Cit.]" *Rooney v. State*, supra at 7 (4). See also *Orr v. State*, supra. Furthermore, " '[b]ecause a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, [Pierce] was not entitled to the assistance of appointed counsel.' [Cit.]" *Thompson v. State*, 275 Ga. App. 566, 569 (4) (621 SE2d 475) (2005). See also *Denova v. State*, 268 Ga. App. 16, 17 (2) (601 SE2d 400) (2004) (citing *Orr*); *Burroughs v. State*, 239 Ga. App. 600, 601-602 (2) (521 SE2d 652) (1999) (citing *Paino v. State*, 263 Ga. 331 (435 SE2d 24) (1993)).

2. Pierce contends that the trial court erred in denying the motion to set aside the February 2008 order denying an out-of-time appeal.

Under *Cambron*, when "notice of the entry of an appealable

order is not given, the losing party should file a motion to set aside, and the trial court should grant the motion and re-enter the judgment, whereupon the 30-day appeal period would begin to run again. [Cit.]" *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). The trial court is to take such action "upon a finding that notice was not provided as required by" OCGA § 15-6-21 (c). *Cambron v. Canal Ins. Co.*, supra. "To implement the procedure set out in *Cambron*, the trial court must first make a finding regarding whether the duty imposed by OCGA § 15-6-21 (c) was met. [Cit.]" *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 896 (4) (525 SE2d 731) (1999). See also *Downs v. C.D.C. Federal Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997).

Here, the order denying the motion to set aside made no findings of fact whatsoever. *Downs v. C.D.C. Federal Credit Union*, supra. See also *Grant v. State of Ga.*, 302 Ga. App. 739, 741-742 (691 SE2d 623) (2010). Compare *Woods v. Savannah Restaurant Corp.*, 267 Ga. App. 387, 389 (599 SE2d 338) (2004). Furthermore, in his unrefuted and verified motion to set aside, Pierce stated that he never received the trial court's February 2008 order until January 14, 2010, that he had made numerous written inquiries and several telephone calls concerning the status of the motion for out-of-time appeal, and that on December 29, 2009 he filed a motion for a ruling thereon, a copy of which is in the record. See *Grant v. State of Ga.*, supra at 742; *Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 614 (2) (545 SE2d 34) (2001).

> Given the foregoing, "we are unable to determine whether the (trial) court's denial of [the] motion to set aside was proper under *Cambron*(.)" [Cit.] Therefore, the trial court's order denying [the] motion to set aside and re-enter order is vacated, and "this case is remanded to the trial court with direction that (it) make the necessary findings under *Cambron*. If the court finds that [Pierce] received no notice of the entry of (the [February 2008] order), then the motion to set aside must be granted' and [that] (order) re-entered." [Cit.]

*Grant v. State of Ga.*, supra. See also *Brown v. E.I. du Pont de Nemours & Co.*, supra; *Downs v. C.D.C. Federal Credit Union*, supra. We also note that we have no jurisdiction at this time to consider the merits of the motion for out-of-time appeal, despite the parties' arguments with regard thereto in this appeal. See *Sea Tow/Sea Spill of Savannah v. Phillips*, supra at 615 (3).

3. The trial court's denial of the motion to vacate a void and illegal sentence is also enumerated as error. Pierce argues that, in

sentencing him to life imprisonment without the possibility of parole, the trial court violated former OCGA § 17-10-32.1 by failing to make a specific, express finding of a statutory aggravating circumstance beyond a reasonable doubt.

Prior to its repeal in 2009, OCGA § 17-10-32.1 (b) provided in relevant part that, in cases where notice of intent to seek the death penalty has been given and the defendant enters a plea of guilty, "the judge may sentence the defendant to . . . life without parole only if the judge finds beyond a reasonable doubt the existence of at least one statutory aggravating circumstance as provided in Code Section 17-10-30." We have previously held that, applying the requisite strict construction of this criminal statute against the State,

> it is clear that a defendant who pleads guilty in a death penalty case cannot be sentenced to life without parole unless the judge contemporaneously makes a specific finding of a statutory aggravating circumstance beyond a reasonable doubt. Here, because the court did not specify an aggravating circumstance at the time of sentencing, the statutory requirement was not met. (Emphasis omitted.)

*Hughes v. State*, 269 Ga. 819, 821 (2) (504 SE2d 696) (1998).

The State argues that a remand pursuant to *Hughes* would be an exercise in futility now that OCGA § 17-10-32.1 has been repealed and is no longer applicable. However, with one inapplicable exception, the act which repealed the statute provides that "the amendment or repeal of a Code section by this Act shall not affect any sentence imposed by any court of this state prior to the effective date of this Act." Ga. L. 2009, pp. 223, 227, § 9. That act, which became effective on April 29, 2009, further provides that OCGA § 17-10-32.1 "as it existed prior to the effective date of this Act shall apply to all offenses committed on and before such date." Ga. L. 2009, pp. 223, 227, § 11 (a).

Accordingly, because the crimes were committed in 1999 while OCGA § 17-10-32.1 was in effect and yet "the court imposed . . . sentence[s] of life without parole without contemporaneously specifying [any] statutory aggravating circumstance beyond a reasonable doubt, the sentence[s] [are] void and must be vacated." *Hughes v. State*, supra. Therefore, the order denying the motion to vacate a void and illegal sentence is reversed with direction that the sentences of life without parole be vacated. "On remand, however, [Pierce] can be resentenced to life without parole if, at the time of resentencing, the judge complies with the requirements of OCGA § 17-10-32.1. [Cits.]" *Hughes v. State*, supra at 821-822 (2). If the trial court finds the existence of at least one aggravating circumstance as authorized

by the provisions of OCGA § 17-10-30 and by our case law construing that statute, then it may determine whether in its discretion to impose a sentence of life imprisonment without parole. See former OCGA § 17-10-32.1 (a).

*Judgments affirmed in part, reversed in part and vacated in part and case remanded with direction. All the Justices concur.*

DECIDED OCTOBER 17, 2011.

Jason Pierce, *pro se.*

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.