## A11A1815. TYLICZKA v. CHANCE.
### (723 SE2d 27)

BLACKWELL, Judge.

Janice Tyliczka sued Amy Chance to recover damages for injuries that Tyliczka allegedly sustained in an automobile accident, but the court below dismissed the lawsuit for want of prosecution after Tyliczka and her lawyer failed to appear at a calendar call. Tyliczka moved under OCGA § 9-11-60 to set aside the dismissal, asserting that the court failed to notify her of the dismissal, and she did not learn of it until after her time to take an appeal had expired. The court below denied the motion to set aside, but it made no findings about whether it had fulfilled its obligation to notify Tyliczka of the dismissal. Tyliczka now appeals, and we vacate the denial of her motion to set aside and remand for the court below to make findings about whether it notified Tyliczka of the dismissal and then to reconsider the motion to set aside in light of *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), and its progeny.

From the record, it appears that Tyliczka filed her complaint in October 2004. Tyliczka was represented by the law firm Jones, Jensen & Harris, and her complaint reflects that the firm then maintained its offices at 600 West Peachtree Street in Atlanta. The law firm later filed other pleadings and papers on behalf of Tyliczka that reflect the same address. Then, in June 2008, the law firm wrote to the clerk and asked that the case be set for trial by jury. Although the letterhead of this correspondence reflects that the law firm now maintained its offices at 3001 Lookout Place in Atlanta, the body of the letter does not say anything about a change of address. It is undisputed that the law firm never filed a formal notice of change of address with the court below.[1]

In response to this correspondence, the court set a pretrial

---

[1] Tyliczka admits that her lawyer and his law firm moved their office to a new address in March 2008, but she contends that the Postal Service forwarded mail to the new address for at least a year. Even when mail is to be forwarded, however, we note that a lawyer representing a party has a duty to "notify the calendar clerk ... immediately upon any change of ... address." Uniform Superior Court Rule 4.6.

conference for August 8, 2008, and notice of this conference was sent to 600 West Peachtree Street. A lawyer appeared for Chance at the pretrial conference on August 8, but no one appeared for Tyliczka. The court then put the case on a November 2008 peremptory calendar, and notice of this calendar also was sent to 600 West Peachtree Street. No one appeared for Tyliczka at the call of the peremptory calendar, and the court below then dismissed her case. The order of dismissal was signed on January 8, 2009, and it was filed with the clerk on the following day. We cannot ascertain from the record whether the order of dismissal was served on counsel of record, either at 600 West Peachtree Street or any other address.

In December 2010, the law firm representing Tyliczka filed a notice of change of address, which reflects that the law firm had moved its offices once again, this time to 4720 Peachtree Industrial Boulevard in Norcross. A couple of months later, an employee of the law firm telephoned the clerk to inquire about the status of the case, and the law firm then learned, purportedly for the first time, that the case had been dismissed more than two years earlier. Tyliczka filed a motion to set aside the order of dismissal, and she now appeals from the denial of this motion.

When a trial judge decides a motion, he has a statutory duty to promptly file his decision with the clerk and "to notify the attorney or attorneys of the losing party of [the] decision." OCGA § 15-6-21 (c). One purpose of this statutory requirement is to ensure that a party aggrieved by an appealable order has a fair opportunity to appeal from it. As our Supreme Court explained in *Cambron*, if a trial judge fails to give the required notice of a decision, a party aggrieved by the decision is entitled to have it set aside under OCGA § 9-11-60 (g). See 246 Ga. at 148-149 (1); see also *Veasley v. State*, 272 Ga. 837, 838 (537 SE2d 42) (2000). And we have said that, when a court is presented with a motion under OCGA § 9-11-60 (g) that is premised upon the alleged failure of the trial judge to notify a party of its decision on a motion, the court must make a finding about "whether the duty imposed on the court by OCGA § 15-6-21 (c) was met." *Downs v. C.D.C. Fed. Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997) (citation and punctuation omitted).

Here, although the court below concluded that "[n]o valid grounds exist to set aside the Dismissal in this case," it made no findings of fact about whether it sent the required notice of the order of dismissal to Tyliczka, as required by OCGA § 15-6-21 (c). Other orders entered by the court below in this case clearly reflect that they were served upon the lawyers, but the order of dismissal does not. And Tyliczka submitted affidavits, in which members and employees of her law firm attest that the firm did not receive notice of the order

of dismissal, which also is some evidence that notice was not sent.[2] Consequently, we are unable to determine whether the denial of the motion to set aside was proper under *Cambron. Downs*, 224 Ga. App. at 870 (2); see also *Whitfield v. State*, 313 Ga. App. 297, 299 (1) (721 SE2d 211) (2011) (court unable to determine whether denial of motion to set aside was proper under *Cambron* in the absence of findings of fact by trial court).

For this reason, we vacate the order denying the motion to set aside, and we remand this case with direction that the court below make any necessary findings under *Cambron* and then reconsider the motion to set aside. Id. See also *Grant v. State*, 302 Ga. App. 739, 742 (691 SE2d 623) (2010); *Brown v. E.I. Du Pont de Nemours & Co.*, 240 Ga. App. 893, 896 (4) (525 SE2d 731) (1999). If the court finds that it failed to fulfill its statutory duty to notify Tyliczka of the dismissal of her case, then the motion to set aside should be granted, and the order of dismissal should be entered again, so that Tyliczka can appeal from it. But if the court below finds that it did provide the required notice to Tyliczka, even if Tyliczka failed to receive that notice, then the motion to set aside should be denied.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Adams, J., concur.*

DECIDED JANUARY 30, 2012.

*Jones, Jensen & Harris, Jenny E. Jensen*, for appellant.
*Magruder & Sumner, J. Clinton Sumner, Jr., Susan D. Taylor*, for appellee.

---

[2] Chance points out that Tyliczka has not produced an affidavit by the lawyer at the firm who originally handled her case, but it is undisputed that the original lawyer retired from the practice of law in the meantime, and it is undisputed that the law firm Jones, Jensen & Harris has always represented Tyliczka. Although it might make her arguments stronger, we do not think it was absolutely necessary for Tyliczka to produce an affidavit by the original lawyer. Besides, "the issue is not whether the losing party had knowledge that judgment was entered, but whether the court had carried out the duty imposed upon it by OCGA § 15-6-21 (c)." *Wal-Mart Stores v. Parker*, 283 Ga. App. 708, 710 (642 SE2d 387) (2007).