**FOURTH DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and BOGGS , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 21, 2013**

# In the Court of Appeals of Georgia

A12A2508. C & R FINANCIAL LENDERS, LLC et al. v. STATE BANK & TRUST COMPANY.

MCFADDEN, Judge.

State Bank & Trust Company filed a complaint against C & R Financial Lenders, LLC, Victor Smith and Brian Lee, claiming that they had defaulted on obligations under promissory notes and guaranties. On August 5, 2011, the trial court entered an order granting summary judgment in favor of State Bank and against all three defendants. On December 16, 2011, C & R Financial, Smith and Lee filed a motion under OCGA § 9-11-60 (g) to set aside the order on the ground that they had not received notice of it. The trial court denied the motion. C & R Financial, Smith and Lee appeal. Because the trial court erroneously failed to make any finding as to whether the attorneys for the appellants had received notice of the order and also

erred in finding that affidavits filed in support of the motion contained inadmissible hearsay, we vacate the order and remand for further proceedings.

1. *Affidavits.*

The trial court erred in finding that two affidavits, filed by the appellants' attorneys in support of the motion to set aside, contained inadmissible hearsay. The statements in question were based on the attorneys' personal knowledge and indicated that they had not been served with a copy of the summary judgment order; that they had been unable to locate any notice from the court in their emails, mail notices or faxes; and that no member of their firm had been served with a copy of the order. These statements made by the declarants themselves are not hearsay. See OCGA § 24-8-801 (c).

Another statement by one of the attorneys explained that he first became aware of the summary judgment ruling when appellee Smith called and told him that a garnishment action had been served upon his employer. Such statement was not offered for the truth of the matter asserted in Smith's call - i.e., it was not offered to prove that a garnishment action had been served on Smith's employer. Rather, it was offered solely to explain when counsel first became aware of the summary judgment order. Because the attorney's affidavit statement was not offered as proof of the facts

2

asserted in Smith's out-of-court statement, it was admissible as original evidence and does not constitute inadmissible hearsay. See *City of Brunswick v. Atlanta Journal &c.*, 214 Ga. App. 150, 152 (2) (447 SE2d 41) (1994); OCGA § 24-8-801 (c).

2. *Motion to set aside*.

OCGA § 15-6-21 (c) provides that when a trial judge decides a motion, "it shall be the duty of the judge to file his or her decision with the clerk of the court in which the cases are pending and to notify the attorney or attorneys of the losing party of his or her decision." One purpose of this statutory requirement is to ensure that the losing party has a fair opportunity to appeal from the decision; thus, as "our Supreme Court explained in *Cambron*[ *v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980)], if a trial judge fails to give the required notice of a decision, a party aggrieved by the decision is entitled to have it set aside under OCGA § 9-11-60 (g)." (Citations omitted.) *Tyliczka v. Chance*, 313 Ga. App. 787, 788 (723 SE2d 27) (2012).

*Cambron* established the following trial court procedures when ruling upon such a motion to set aside:

> [U]pon a finding that notice was not provided as required by [OCGA § 15-6-21 (c)], the motion to set aside may be granted, the judgment re-entered, and the thirty-day period within which the losing party must appeal will begin to run from the date of the re-entry. Of course, *where*

*notice was sent and received, and the trial judge so finds*, he should refuse to set aside the earlier judgment.

(Emphasis supplied.) *Cambron*, supra at 148-149 (1). As *Cambron* plainly sets forth, in order for a trial judge to deny a motion to set aside, he must find that notice was both sent and received.

In this case, the trial judge found that notice had been sent. However, the judge made no finding as to whether the defendants or their attorneys had received notice. Indeed, it appears from the order denying the motion to set aside that the trial court mistakenly believed that receipt of notice by the defendants was irrelevant so long as the court found that notice had been sent. In that regard, the trial court found that "the evidence submitted by the Defendants is insufficient to establish that the Court did not provide notice to the Defendants . . . because [their] Affidavit testimony focuses on receipt by the Defendants as opposed to *notice* from the Court." (Emphasis in original.) Likewise, appellee State Bank, whose attorney also submitted the order denying the motion to set aside signed by the trial judge, claims in its brief that the determining factor is not the losing party's receipt of notice, but is simply whether the trial court sent notice.

4

However, as our Supreme Court has repeatedly made clear, whether the losing party received notice of the trial court's decision is a critical factor in determining whether to set aside the decision. In *Pierce v. State*, 289 Ga. 893, 895 (2) (717 SE2d 202) (2011), the Supreme Court remanded a case to the trial court to make the necessary findings under *Cambron*, specifically instructing the trial court that if it "finds that [the defendant] *received no notice* of the entry of the . . . order, then the motion to set aside must be granted and that order re-entered." (Emphasis supplied; citations and punctuation omitted.) Similarly, in *Veasley v. State*, 272 Ga. 837, 839 (537 SE2d 42) (2000), the Supreme Court directed the trial court on remand that if the defendant "*did not receive timely notice* under OCGA § 15-6-21 (c), he can . . . move to set aside the orders denying his motion for new trial [and] the trial court should . . . set aside those orders[.]" (Emphasis supplied.)

Likewise, this court has recognized the *Cambron* requirements that notice must not only be sent, but must also be received. See *Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 614 (2) (545 SE2d 34) (2001) (upon finding that the losing party did not receive notice, the trial court should grant the motion to set aside, reenter the dismissal order, and give the losing party 30 days to file a notice of appeal), reversed in part on other grounds, 276 Ga. 352 (578 SE2d 846) (2003);

5

*Fremichael v. Doe*, 221 Ga. App. 698, 699 (472 SE2d 440) (1996) (where it was undisputed that losing party did not receive notice of order as required by OCGA § 15-6-21 (c), trial judge correctly set aside order and re-entered it pursuant to OCGA § 9-11-60 (g)); *Tucker Station, Ltd. v. Chalet I, Inc.*, 203 Ga. App. 383, 384 (1) (417 SE2d 40) (1992) (affirming trial court's grant of motion because even though notice was sent, it was not received).

Here, the order appealed from made no findings as to whether the appellants or their attorneys received notice of the summary judgment order.

> Therefore, we are unable to determine whether the court's denial of [the] motion to set aside was proper under *Cambron*, especially since the [affidavits] in the record [aver] that [appellants'] attorney[s] received no notice of the order. Accordingly, the order of the trial court is vacated, and this case is remanded to the trial court with direction that the court make the necessary findings under *Cambron*. If the court finds that [the appellants] received no notice of the entry of final judgment, then the motion to set aside must be granted and the judgment re-entered.

(Citations omitted.) *Downs v. C. D. C. Federal Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997).

*Judgment vacated and case remanded with direction. Andrews, P.J., and Boggs, J., concur.*

6