# Court of Appeals
# of the State of Georgia

ATLANTA,   August 28, 2015

*The Court of Appeals hereby passes the following order:*

**A16E0002. IN THE INTEREST OF A. G. H. AND C. C. L., children.**

The mother in the above-styled case has filed an emergency motion seeking permission to file an out-of-time application for appeal from an order terminating parental rights on the ground that the juvenile court failed to timely transmit the termination order to her. Because her remedy, as explained below, is in the juvenile court, her motion is denied.

In support of the emergency motion, the mother shows that the clerk of the juvenile court has written a letter acknowledging that the order was entered on July 9, 2015, but that it was not provided to the mother's counsel until August 13, 2015, due to an error by the clerk's office. Therefore, the mother asserts, she was denied the opportunity to file an application for appeal within the requisite 30-day period. See OCGA § 5-6-35 (d).

The mother may be right. "Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal." *Gable v. State*, 290 Ga. 81, 85 (2) (b) (720 SE2d 170) (2011); see also *In the Interest of B. R. F.*, 332 Ga. App. 49, 54-55 (770 SE2d 912) (2015) (an appellate court may, at its discretion, permit an out-of-time discretionary appeal where a constitutional right is at stake, such as the right to appellate counsel in a termination of parental rights case). But we need not decide whether these circumstances merit the grant of an out-of-time discretionary application for appeal. Under settled law, the mother has another remedy that will preserve her right to file a timely application for appeal.

Under OCGA § 15-6-21 (c), a trial court has a duty to notify the attorney of the

losing party of the judgment. Where the trial court fails to provide the requisite notice, the trial court is to vacate the judgment under OCGA § 9-11-60 (g) and then reenter it. See *Winslett v. Guthrie*, 326 Ga. App. 747, 751-752 (4) (755 SE2d 287) (2014) (citing *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-49 (1) (269 SE2d 426) (1980)). "If the [juvenile court] judge finds that [the mother] was not provided notice of the order dismissing his appeal, the motion to set aside must be granted and the order reentered. If the [juvenile court]l judge finds that notice of the order was sent and received, [s]he should refuse to set aside the earlier order." *Brown v. E.I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 896, 525 S.E.2d 731, 734 (1999).

The re-entry of the order will begin anew the time for pursuing an appeal. See *Cambron*, supra. Thus, assuming that the juvenile court in this case did in fact fail to timely notify the mother's attorney of the termination order due to an error of the clerk's office, the mother would be entitled to have the court vacate that order and re-enter it.

Accordingly, because the mother has a remedy in the juvenile court, this emergency motion is hereby DENIED. The mother may petition the juvenile court to vacate its prior termination order and re-enter it, after which the mother would have 30 days from the re-entry date to file an application for appeal. See OCGA § 5-6-35.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____08/28/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*