**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 11, 2016**

# In the Court of Appeals of Georgia

A15A2376. PHILLIPS v. PHILLIPS et al.

McFADDEN, Judge.

Royal Phillips filed this appeal from an order denying his OCGA § 9-11-60 (g) motions to vacate certain orders for lack of notice. In his appellate brief, he enumerated as error the denial of the motions to vacate as well as entry of a final judgment awarding damages and attorney fees against him. Pretermitting whether he has abandoned his enumeration challenging the denial of the motions to vacate, Phillips has not shown trial court error. And we lack jurisdiction to consider his other enumerations of error. We therefore affirm.

The plaintiffs, Phillips's adult grandchildren, filed this action to recover funds in accounts Phillips had established on their behalf. Because of his failure to provide discovery, the trial court struck Phillips's answer and entered default. The court

conducted a trial on damages and entered a judgment against Phillips, awarding the plaintiffs monetary damages and attorney fees.[1] Phillips, proceeding pro se, filed a document that the trial court considered to be a motion to vacate the judgment. He then hired counsel, who filed a motion for new trial on his behalf. The trial court denied the motions in separate orders. According to Phillips, he did not receive either order and did not learn of them until after the period for filing a notice of appeal had expired. So Phillips filed motions to vacate the orders under OCGA § 9-11-60 (g), seeking their re-entry to re-start the time for appeal.

The trial court denied the OCGA § 9-11-60 (g) motions to vacate, and Phillips filed an application for discretionary review, which we granted under OCGA § 5-6-35 (j). See *Downs v. C. D. C. Federal Credit Union*, 224 Ga. App. 869 (1) (481 SE2d 903) (1997) (citation omitted) ("Motions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to

---

[1]Although the plaintiffs sued Royal Phillips and the Estate of Maxine Phillips, the trial court entered judgment only against Royal Phillips. This was proper because "an estate is not a legal entity capable of being sued." *Yarbrough v. Estate of Yarbrough*, 173 Ga. App. 386 n.1 (326 SE2d 517) (1985). Compare *Robinson v. Estate of Jester*, 333 Ga. App. 41, 44 (775 SE2d 569) (2015) (plaintiffs properly amended complaint to assert claims against administrator of estate).

correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal."). Phillips filed a timely notice of appeal from our order.

Pretermitting whether Phillips abandoned his enumeration of error challenging the denial of his OCGA § 9-11-60 (g) motions by failing to support it with argument and citation of authority, we conclude that the enumeration lacks merit. Phillips argues that the trial court erred by denying the motions because he "offered undisputed evidence that [his] counsel had not received the [orders denying his motion to vacate the judgment and his motion for new trial] when they were originally sent." However, "[i]f the trial court has in fact given notice, then a motion to set aside may be properly denied *whether or not the losing party actually received the notice*." *Wright v. Young*, 297 Ga. 683, 684 n. 3 (2015) (emphasis supplied). In any event, here the trial court found, based on the court's own records, that the court had faxed the orders to Phillips's counsel at the correct number and that the fax had been received. Phillips has not shown error.

And since Phillips did not timely file an appeal from the denial of his pro se motion, from the motion for new trial, or from the final judgment, we lack jurisdiction to consider his remaining enumerations, all of which challenge the final judgment. "[T]he only notice of appeal before us was filed more than 30 days after the entry of

3

the [final judgment]. Thus, we have no jurisdiction to consider the merits of that [judgment]." *Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 615 (3) (545 SE2d 34) (2001) (citation omitted).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur*.