# Court of Appeals
# of the State of Georgia

ATLANTA,  April 18, 2017

*The Court of Appeals hereby passes the following order:*

**A17E0045. In the Interest of A. B., et al., children.**

On April 18, 2017, Anita Wright filed an emergency motion pursuant to Court of Appeals Rule 40 (b), seeking an extension of time to file an application for discretionary appeal from the February 22, 2017 order of the Superior Court of Fulton County terminating her parental rights. Wright concedes that her application was due on March 24, 2017 and that she did not seek an extension of time with this Court to file the application prior to its due date.

This Court's Rule 40 (b) emergency powers are limited and intended to be used sparingly. " Generally, no order shall be made or direction given in an appeal until it has been docketed in this Court." Moreover, typically, we may only issue "such orders or give direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot." In this case, Wright is not seeking to preserve a contested issue from becoming moot; rather, she is attempting to revive an untimely application for a discretionary appeal.

A discretionary application seeking appellate review of an order terminating parental rights must be filed with the clerk of the appellate court within 30 days of entry of the termination order. OCGA § 5-6-35 (d). Pursuant to OCGA § 5-6-39 (a) (5), this Court may grant an extension of time for filing an application for discretionary appeal. *Gable v. State*, 290 Ga. 81, 84 (2) (a) (720 SE2d 170) (2011). The request for an extension, however, "must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." OCGA § 5-6-39 (d); see also *Gable*, 290 Ga. at. 84-85 (2) (a). Wright has not satisfied either of these prerequisites.

Wright contends that her right to appeal was frustrated because the termination order was not timely posted to the "JCATS filing system." If this is true, her remedy is to petition the trial court to vacate and re-enter the order as a means of correcting the problem. As our Supreme Court explained in *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), "if a trial judge fails to give the required notice of a decision, a party aggrieved by the decision is entitled to have it set aside under OCGA § 9-11-60 (g)." (Citations omitted.) *Tyliczka v. Chance*, 313 Ga. App. 787, 788 (723 SE2d 27) (2012).

Because Wright has not carried her burden of demonstrating that she is entitled to relief pursuant to Rule 40 (b), her emergency motion is hereby ordered DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* ___04/18/2017___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*