NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: January 28, 2025

S24A1276.  PIERCE v. THE STATE.

BETHEL, Justice.

The trial court entered a bill of peace purporting to restrain Jason Pierce's filings in this pending criminal action, nine pending civil actions, and new civil filings related "in any way to the subject matter of any of the [nine pending] suits[.]"Pierce moved the trial court to vacate the bill of peace in his criminal case, challenging the propriety of its entry in a criminal matter.  The trial court vacated the bill of peace with respect to the criminal case. Pierce now appeals from this favorable disposition arguing that the trial court erred by failing to grant him the additional relief of vacating the bill of peace with respect to the pending and prospective civil cases referenced therein. Because the record shows that Pierce failed to request below the relief he now claims he was entitled to, that question is not

preserved for appellate review. Accordingly, we affirm.

In 2013, Pierce pleaded guilty to malice murder in connection with the 1999 shooting deaths of Patrice Lassiter and Monique Brown.[1] In the intervening years, Pierce, acting pro se, repeatedly filed post-conviction motions in the trial court seeking to challenge his convictions and sentences, none of which proved fruitful. In addition, Pierce has filed, or attempted to file, multiple civil suits against the judges and the clerk of superior court involved in his criminal case, as well as various wardens of the prisons in which he has been incarcerated. Pierce likewise sought to appeal to this Court the unfavorable disposition of many of these post-conviction motions and civil suits, causing the voluminous case record to be transmitted to this Court at least four times. In 2018, after Pierce initiated a mandamus action against the clerk of the trial court seeking to

---

[1] We have previously detailed the complex procedural history predating the entry of Pierce's 2013 guilty plea. See *Pierce v. State*, 294 Ga. 842 (755 SE2d 732) (2014) (affirming denial of Pierce's plea in bar based on double jeopardy); *Pierce v. State*, 289 Ga. 893 (717 SE2d 202) (2011) (reversing denial of motion to vacate void and illegal sentence and vacating sentences for malice murder convictions).

compel the clerk to transmit the case record to this Court a fifth time, the trial court, acting pursuant to OCGA § 23-3-110,[2] entered the bill of peace. Pierce was ordered not to file anything further in the cases referenced in the bill of peace, nor to file any new petition, complaint, motion, or action against any party named in the bill of peace without the trial court's prior approval.[3] In February 2022, Pierce, acting through counsel, moved to vacate the bill of peace as it applied to his criminal case, arguing that the trial court was without jurisdiction to enter a bill of peace in a criminal case. In a January 2023 order, the trial court vacated the bill of peace as it applied to Pierce's criminal case but emphasized that the bill of peace "remains in effect for the other cases . . . and any future petitions[.]"Pierce now appeals.[4]

---

[2] OCGA § 23-3-110 provides: "It being in the interest of this state that there shall be an end of litigation, equity will entertain a bill of peace . . . [t]o avoid a multiplicity of actions by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy[.]"

[3] Pierce subsequently filed a timely notice of appeal to this Court seeking review of the bill of peace, but the appeal was dismissed for Pierce's failure to file a brief. See Case No. S19A0184 (dismissed Jan. 8, 2019).

[4] Pierce filed a timely notice of appeal from the trial court's January 2023 order, but the record was not received by this Court until July 2024.

On appeal, Pierce asserts for the first time that the trial court erred in entering a bill of peace as to the various civil actions referenced in the bill of peace, as well as any future civil actions that Pierce might file. But our review of the record shows — and Pierce makes no argument to the contrary — that Pierce sought vacatur of the bill of peace only in connection with his criminal case and did not challenge the bill of peace with respect to the civil actions. Because Pierce failed to raise this issue in the trial court below and to obtain a ruling on it, his claim is not preserved for appellate review by this Court. See *Clay v. State*, 309 Ga. 593, 594 (1) (847 SE2d 530) (2020).[5] Accordingly, we affirm.

*Judgment affirmed. All the Justices concur.*

---

[5] Pierce has not asserted that plain error review applies for this type of unpreserved error and, indeed, we have not found any case in which plain error review has been applied in a challenge to the scope of a bill of peace.

4