# Court of Appeals
# of the State of Georgia

ATLANTA,  March 12, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0284. H & I REAL ESTATE, INC. v. PAULA SAMUEL.

In this dispossessory action, the magistrate court entered judgment in favor of the defendant Paula Samuel, and the plaintiff H & I Real Estate, Inc., sought de novo review in state court. The state court also entered judgment in favor of Samuel, and H & I Real Estate filed a motion for new trial. On December 19, 2024, the state court issued an order denying the motion. H & I Real Estate filed this application for discretionary review on March 4, 2025. We lack jurisdiction.

Appeals from judgments in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). H & I Real Estate's application is untimely because it was filed 75 days after entry of the order denying its motion for new trial. See OCGA § 44-7-56; *Radio Sandy Springs, Inc.*, 311 Ga. App. at 335-336.

H & I Real Estate argues that its application should be considered timely because the state court did not notify it of the order denying its motion for new trial as required by OCGA § 15-6-21 (c). However, when a party claims that a trial court failed to notify it of an adverse ruling under this statute, the proper procedure is as follows: (1) the party files a motion to set aside the ruling in the trial court, (2) the trial court rules on the motion, and (3) the party seeks appellate review following that

ruling. See *Veasley v. State*, 272 Ga. 837, 838-839 (537 SE2d 42) (2000); *Brown v. E. I. du Pont de Nemours & Co.*, 240 Ga. App. 893, 895-896 (4) (525 SE2d 731) (1999); see also *Downs v. C. D. C. Fed. Credit Union*, 224 Ga. App. 869, 870 (2) (481 SE2d 903) (1997) ("In order to implement [this] procedure . . . , the trial court must first make a finding regarding whether the duty imposed on the court by OCGA § 15-6-21 (c) was met.") (punctuation omitted); *North Fulton Community Charities v. Goodstein*, 367 Ga. App. 576, 588 n. 7 (2) (887 SE2d 646) (2023) ("This is a court for the correction of errors of law made by the trial courts, and an error of law has as its basis a specific ruling made by the trial court. In the absence of such a specific ruling, there is nothing for us to review."). Significantly, "the absence of th[e] mandatory notice [required by OCGA § 15-6-21 (c)] cannot itself extend the time" for seeking appellate review, and where the trial court does not set aside the adverse ruling, "the time for appeal continues to run." See *Veasley*, 272 Ga. at 838; see also *Brown*, 240 Ga. App. at 894 (1).

Because there is no indication that the state court has ruled on any request to set aside the adverse ruling here, H & I Real Estate's application is untimely and is hereby DISMISSED. See *Veasley*, 272 Ga. at 839; *Brown*, 240 Ga. App. at 894 (1).[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/12/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*

---

[1] Generally, "motions to set aside brought on the grounds that the court failed to notify the losing party of its decision are cognizable as motions to correct a clerical error pursuant to OCGA § 9-11-60 (g) and are properly the subject of a direct appeal." *Sea Tow/Sea Spill of Savannah v. Phillips*, 247 Ga. App. 613, 614 (1) (545 SE2d 34) (2001) (punctuation omitted). However, "[w]hen a judgment or an order is subject to direct appellate review it is subject to the discretionary application procedure if the underlying subject matter of the appeal is one contained in OCGA § 5-6-35." *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002) (punctuation omitted). Because the underlying subject matter here is the state court's de novo review of the magistrate court's decision, this case is subject to the discretionary application procedure under OCGA § 5-6-35 (a) (11). See *Wright v. Young*, 297 Ga. 683, 683 n. 1 (777 SE2d 475) (2015) (discretionary application filed following order denying motion to set aside based on lack of notice in divorce case).